WALTER R. ANDERSON AND OTHERS v.
JAMES E. ANDERSON AND OTHERS.

179 N. W. (2d) 718.

July 31, 1970—No. 42161.

*Jerome B. Pederson, James L. Baillie* and *Fredrikson, Byron & Colborn,* for petitioner.

*Harry H. Peterson,* for respondents.

PER CURIAM.

Petition for a peremptory writ of mandamus seeking an order of this court requiring the district court to vacate its order entered April 15, 1970, and the amended judgment entered on April 21, 1970, and to grant petitioner's motion of January 30, 1970.

The issues raised in this proceeding are purely procedural and do not involve a review of any questions going to the merits of the action.

This action was commenced in 1967 and involved claims to real estate which had been sold by Lakeland Development Corporation (Lakeland) to Lecon Properties, Inc., (Lecon) in 1961. The trial was completed on August 30, 1968, and the trial court issued findings of fact, conclusions of law, and order for judgment on March 14, 1969. Judgment was entered on May 26, 1969.

In so far as relevant to this proceeding, the judgment decreed that Lecon "shall reconvey" its interest in the real estate to Lakeland "upon tender and payment" to Lecon by Lakeland "of all monies" Lecon paid to Lakeland and the fee owners for the property, together with taxes and assessments paid by Lecon, plus 6-percent interest per annum from the date of payments to the date of tender. The judgment then provided:

"* * * Lakeland Development Corporation shall have six months from the date of this Judgment to make such tender and payment; and if Lakeland Development Corporation fails to do so, any claim it may have against Lecon Properties, Inc. and/or said land shall terminate."

Prior to the entry of judgment both Lecon and Lakeland made posttrial motions. Lecon sought amended findings eliminating its obligation to reconvey or in the alternative a new trial. Lakeland joined in a motion for amendment of the findings of fact and conclusions of law, which would permit Lakeland 12 months to make the tender or, in the event of appeal to the Minnesota Supreme Court, 12 months from the determination of the appeal. These motions were denied on May 9, 1969.

On June 12, 1969, following entry of judgment, Lecon appealed from the order denying its alternative motion and from the judgment to this court. As required by Rule 107, Rules of Civil Appellate Procedure, Lecon filed a cost bond. It did not choose to file a supersedeas bond. Rule 108, Rules of Civil Appellate Procedure. Lakeland did not appeal from the denial of its post-trial motion or from the judgment. Presumably, Lecon by its choice not to file a supersedeas bond intended to expose itself to the risk of having to reconvey the property if Lakeland made a tender within the time provided, despite its pending appeal.

On November 26, 1969, the time provided by the judgment for Lakeland to make tender to Lecon as a condition for reconveyance expired. On December 19, 1969, after the judgment became final as to Lakeland, Lecon made a motion in this court to remand the case to the district court to obtain relief from the judgment. Lecon alleged that Lakeland had failed to make the tender and payment and that Lakeland's interest in the land terminated by operation of the judgment, and upon being granted the relief prayed for its pending appeal would be dismissed. Lakeland opposed the motion on the grounds that Lecon's appeal had stayed the time when the tender or payment was required by the judgment to be made.

On January 19, 1970, we ordered this action remanded to the district court "to enable defendant Lecon to make, and the court to hear, a motion for relief from the judgment entered herein." Upon motion of Lakeland and the plaintiffs-respondents to also seek relief from the judgment on remand, this court clarified the January 19 remand order, declaring that the remand was intended to allow the district court to grant such relief from the judgment to any or all of the parties "as the facts and law may require or warrant." We intended thereby that the district court would determine whether in fact the tender or payment contemplated by the judgment had been made and, if no tender or payment was made, resolve the question which then would arise as to whether Lecon's appeal stayed the time to make tender.

In the district court on January 30, 1970, Lecon made a motion for an order that it is entitled to the real estate and that Lakeland take nothing against either the property or Lecon. Lakeland, with plaintiffs-respondents joining, made a motion to amend the judgment of May 26, 1969, to provide that tender or payment be made within 1 year after disposition of the appeal.

In the hearing on these motions Lakeland expressly admitted that no tender or payment had been made by it within the 6-month period provided for in the judgment.

The district court by its order entered on April 15, 1970, denied Lecon's motion but in response to Lakeland's motion ordered that the judgment should be amended to provide:

"Lakeland shall have nine (9) months from the date of entry of judgment herein, or in the event there is an appeal to the Supreme Court by Lecon, six (6) months after final determination by the Supreme Court, to make such tender and payment, and if Lakeland fails to do so, any claim it may have against Lecon and/or said land shall terminate."

In a memorandum the trial court explained:

"It was the original intention of the Court to give Lakeland a reasonable opportunity to pay back Lecon and thus regain its land. The Court now realizes that the time limit of six months after judgment was not reasonable even though Lecon had not appealed because of the uncertainty of title for the first three months in which an appeal could have been taken. Lakeland's financial position was such that it would have to use its equity in the land in question to finance repayment to Lecon.

"The Court feels it has the power under Rule 60.02 to amend its original 'conclusions' to give Lakeland six months after final determination by the Supreme Court to pay Lecon. This will make it unnecessary to rule on the more technical question of whether or not Lecon's appeal extended Lakeland's time to tender or repay Lecon."

Lecon then petitioned this court for a writ of mandamus, contending that its appeal did not stay the running of the time as specified in the judgment to make a tender or payment because no supersedeas bond was filed and that because the time to appeal had expired and the judgment had become final, the trial court lacked the authority to amend the judgment.

1. Generally, proceedings in the trial court are stayed only if a supersedeas bond is filed. Rule 108.01, Rules of Civil Appellate Procedure. It is elementary that, except as provided in Rule 108.01(6), the filing of a cost bond, as distinguished from a supersedeas bond, does not stay the proceeding in the trial court. Holmes v. Holmes, 253 Minn. 26, 91 N. W. (2d) 79; Lindberg v. Lindberg, 282 Minn. 536, 163 N. W. (2d) 870. See, also, State, by Clark, v. Robnan Inc. 259 Minn. 88, 107 N. W. (2d) 51. As stated in 3 C. J., Appeal and Error, § 1448, p. 1322:

"* * * It may also be stated as the general rule that the running of the time within which a judgment or decree requires a party to perform specified conditions is stayed or suspended pending an appeal from the judgment or decree *with a supersedeas bond.*" (Italics supplied.)

See, also, 4 Am. Jur. (2d) Appeal and Error, § 364. The failure of Lecon to file a supersedeas bond and the failure of Lakeland to take an appeal from the denial of its post-trial motion or the judgment and file a supersedeas bond resulted in a judgment which was in no wise stayed during the pendency of Lecon's appeal.

It necessarily follows that under the terms of the judgment and the undisputed fact of no tender or payment within the time required,

Lecon by operation of the terms of the judgment is entitled to the property in question, free and clear of any claims of Lakeland unless the district court had the authority to reopen and amend the judgment.

2. We hold that the district court lacked the authority to amend the judgment entered on May 26, 1969, after the judgment had become final as to Lakeland.

The district court purported to act under the authority of Rules of Civil Procedure, Rule 60.02, which allows a court to relieve a party from a final judgment, order, or proceeding and to order a new trial or grant such other relief as may be just. Rule 60.02 can be utilized only if one of the six grounds specified exists.[1] Brown's Bay Marine Corp. v. Skrypec, 271 Minn. 523, 136 N. W. (2d) 590. The court did not state on which of the six clauses it was basing its decision.

In our examination of the file before us, we find no facts which would justify the granting of relief from the judgment to Lakeland under clauses (1) through (5). If facts were presented to the district court which would have allowed it to act under one or more of these clauses, they were not made part of the record nor were they presented to us when Lakeland appeared to contest this petition.

Therefore, the district court must have relied on Rule 60.02(6)—"any other reason justifying relief from the operation of the judgment." Rule 60.02(6) is a residual clause to cover any unforeseen contingency and it is exclusive of clauses (1) through (5). Newman v. Fjelstad, 271 Minn. 514, 137 N. W. (2d) 181; Simons v. Schiek's, Inc. 275 Minn. 132, 145 N. W. (2d) 548.

The district court seems to have decided that the time limit of 6 months, originally provided for in the judgment, was so unreasonable as to be a "reason justifying relief from the operation of the judgment." We are unable to agree with this conclusion. The court was informed

---

[1] Under Rules of Civil Procedure, Rule 60.02, the court may grant relief "for the following reasons: (1) Mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.03; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

of all the facts necessary to set a time limit at the time the judgment was entered. The court had denied a motion to amend the findings of fact and conclusions of law to provide for a time limit of 1 year or, in the event of an appeal, 1 year from determination of the appeal. Upon this record, nothing new was presented to the court between the time this motion was denied on May 9, 1969, and the time it granted Lakeland's similar motion on April 15, 1970, after the time to amend the judgment had expired.

Rule 60.02(6) was not intended to allow the district court to reopen or amend judgments beyond the normal time limit merely because the court feels it has committed some judicial error. Barrett v. Macdonald, 264 Minn. 560, 121 N. W. (2d) 165. Finality of judicial decisions requires that parties seek relief from judicial error through the appellate process, available to Lakeland in this case.

For the foregoing reasons we grant the writ of mandamus. The district court shall vacate the order of April 15, 1970, and the amended judgment entered on April 21, 1970, and grant petitioner Lecon's motion of January 30, 1970.

Let the writ issue.

Mr. Justice Kelly, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.