In Re the Marriage of: Judith Fogarty ARZT, petitioner, Respondent,

v.

**Philip Klaus ARZT, Appellant.**

**No. C3–84–1376.**

Court of Appeals of Minnesota.

Jan. 22, 1985.

Victoria Newcome Johnson, Minneapolis, for respondent.

William E. Haugh, Jr., St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J., and PARKER and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

Husband appeals from the second amended dissolution judgment and decree of the Dakota County Court, entered after the time for appeal had expired on the first amended judgment, which requires him to reimburse his ex-wife for non-marital assets used to pay marital debts. We reverse.

### FACTS

The parties were married for nineteen years. Respondent Judy Fogarty (formerly Judith Fogarty Arzt) is employed as a nurse at St. Paul Ramsey Hospital. Appellant Philip Arzt is an attorney in private practice in Minneapolis.

The original dissolution judgment gave respondent a lien on the homestead to repay her for the $5,860.20 down payment she paid from non-marital income. Upon motions by respondent, the court amended its judgment twice. The first amended judgment, dated January 5, 1984, required appellant to repay respondent $3,527 received from the sale of certain 3M stock from his share of the homestead equity.

The second amended judgment, entered May 24, 1984, provided that if the proceeds from the house were insufficient to cover the lien, appellant must pay respondent $50 per month until the lien is satisfied. The court also added to their joint debt a bill for their daughter's dental work, which was omitted from the earlier judgment.

In a memo accompanying the court's second amended findings, the court acknowledged that it erred in the first amended judgment and decree by failing to provide for payment of respondent's lien in the event that the proceeds from the sale of the house should not be enough to cover both joint debts and the lien.

### ISSUE

Did the trial court err in entering a second amended judgment after the time for appeal had expired on the first amended judgment to correct its own mistake in the first amended judgment?

### DISCUSSION

The court intended that appellant repay respondent certain non-marital assets from appellant's share of the homestead proceeds. The trial court failed to include in its first amended judgment language requested by respondent that would have provided for repayment of those assets in the event the homestead proceeds were insufficient. The court attempted to correct the oversight by entering, pursuant to Minn.R.Civ.P. 60.02, the second amended judgment, after the time for appeal of the first amended judgment had expired.

Rule 60.02 is intended to correct mistake or inadvertence of a party, or to allow for newly discovered evidence, or for void or satisfied judgments, not to correct judicial error.

The Minnesota Supreme Court held that Rule 60.02 was not intended to allow the district court to reopen or amend judgments beyond the time for appeal from that judgment merely because the court feels it has committed some judicial error. *Anderson v. Anderson*, 288 Minn. 514, 179 N.W.2d 718 (1970). The court is without authority to change a division of real and personal property after the original decree has been entered and time for appeal has

expired. *Mikkelsen v. Mikkelsen*, 286 Minn. 520, 174 N.W.2d 241 (1970).

Although it works an unfortunate result in this case, the court had no jurisdiction to amend its first amended judgment.

## DECISION

We reverse the decision of the trial court.