**David Raphial CONNOLLY, petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C2–85–312.

Court of Appeals of Minnesota.

Aug. 27, 1985.

Deborah Ellis, Thomson & Hawkins, St. Paul, for appellant.

Hubert H. Humphrey, III, Minnesota Atty. Gen., Jeffrey S. Bilcik, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and LESLIE, JJ.

## OPINION

POPOVICH, Chief Judge.

This is an appeal from the district court's order sustaining the revocation of appellant's driver's license. Appellant claims the district court erred by (1) refusing his motion to compel discovery, (2) holding his right to counsel was not violated, (3) finding appellant refused to offer a breath sample, and (4) finding appellant was not denied his right to an additional test. We affirm.

## FACTS

About 10:00 p.m. on October 12, 1984, Sergeant John Jackson of the Taylors Falls Police Department observed a car swerve over the center line several times and noted the car had grass hanging on a bumper. Jackson stopped the car, and appellant was identified as the driver. Jackson observed appellant's eyes were bloodshot and watery, that his speech was slurred, and a strong odor of alcohol.

Jackson asked appellant to perform some field sobriety tests. Appellant performed these tests poorly and was placed under arrest for DWI. The implied consent advisory was read to appellant, and he said he would take a breath test. Appellant was taken to the Chisago County Jail for the breath test.

Trooper Henry, a certified intoxilyzer operator, attempted to administer an intoxilyzer test to appellant. Appellant blew into the machine three or four times but did not provide an adequate breath sample. Appellant blew around the mouthpiece and not directly into the machine. Trooper Henry told appellant he had refused testing by failing to provide an adequate breath sample. On his way to a jail cell, appellant requested to take a blood test and was told the police were not required to give a blood test.

Before the hearing in this matter, appellant submitted interrogatories and a request for production of documents to re-

spondent. Respondent sent a letter to appellant refusing to answer the interrogatories because they were too numerous and burdensome. Respondent's reply letter indicated appellant could review respondent's files to obtain the requested information. Appellant did not inspect respondent's files before the revocation hearing. Respondent did not reply to the request for production of documents.

At the January 10, 1985 revocation hearing, appellant moved the court for an order compelling discovery and continuing the hearing until discovery had been completed. The district court found the information requested by appellant could be found in police reports or was inappropriate to the proceeding. The revocation of appellant's driver's license was sustained by the district court.

## ISSUES

1. Did the trial court abuse its discretion by denying appellant's discovery requests?

2. Was appellant denied a right to consult an attorney before implied consent testing?

3. Did appellant refuse testing?

4. Was appellant denied the right to an additional test?

## ANALYSIS

■ 1. Appellant asserts he was denied due process and a fair hearing because the district court refused his discovery requests. The trial court has broad discretion in granting or denying discovery requests. *See Baskerville v. Baskerville,* 246 Minn. 496, 507, 75 N.W.2d 762, 769 (1956). Absent an abuse of discretion, this court will not disturb a trial court's decision regarding discovery.

■ The trial court did not abuse its discretion by refusing appellant's discovery requests. Appellant had the opportunity to review respondent's files and obtain the requested information before the revocation hearing. Respondent's reply to appellant's discovery requests was sufficient un-

der Minn.R.Civ.P. 33.03. Appellant did not comply with Minn.R.Civ.P. 37.01 because he failed to notify respondent of the intention to move for an order compelling discovery. The trial court did not abuse its discretion.

■ 2. Appellant asserts he was denied his right to consult with an attorney before taking a breath test. This issue was resolved by the Minnesota Supreme Court in *Nyflot v. Commissioner of Public Safety,* 369 N.W.2d 512 (Minn.1985), which held there is not a statutory or constitutional right to consult with an attorney before testing.

■ 3. Appellant claims he did not refuse testing because he told the police he would submit to testing and because he blew into the machine. Respondent claims appellant refused testing by blowing around the mouthpiece of the machine and not providing an adequate breath sample. The district court's finding that appellant refused testing is not clearly erroneous. *See* Minn.R.Civ.P. 52.01; *see also State, Department of Highways v. Beckey,* 291 Minn. 483, 486–87, 192 N.W.2d 441, 444–45 (1971).

4. Appellant claims he was denied his right to an additional test under Minn. Stat. § 169.123, subd. 2(b)(4) (1984). This argument was not raised before the district court and will not be reviewed on appeal. *See Spannaus v. Larkin, Hoffman, Daly & Lindgren, Ltd.,* 368 N.W.2d 395, 399 (Minn.Ct.App.1985); *Aesoph v. Golden,* 367 N.W.2d 639, 643 (Minn.Ct.App.1985).

## DECISION

The trial court did not abuse its discretion by denying appellant's discovery requests. Appellant did not have the right to consult with an attorney before testing. The trial court's conclusion that appellant refused testing is not clearly erroneous.

Affirmed.