**John O. NORDEEN,
Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

No. C7-85-1746.

Court of Appeals of Minnesota.

Feb. 25, 1986.

Steven J. Meshbesher, Meshbesher, Singer & Spence, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by POPO-VICH, C.J., and WOZNIAK and SEDG-WICK, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellant's driving privileges were revoked under the implied consent statute, and he petitioned for judicial review. The trial court rescinded the revocation. The Commissioner of Public Safety then moved for relief under Minn.R.Civ.P. 60.02, because the appellate case the trial court relied on had since been reversed. The trial court issued an amended order sustaining the revocation. Appellant appealed from the amended order. We affirm.

## FACTS

Appellant John Nordeen's driver's license was revoked under the implied consent law, and he petitioned for judicial review. A hearing was held on April 12, 1985, pursuant to Minn.Stat. § 169.123, and on May 2, 1985, the trial court rescinded the revocation. The Commissioner subsequently moved for an amended order under Minn.R. Civ.P. 60.02. A hearing was held on August 23, 1985.

There, the Commissioner's attorney said the court had ruled in the Commissioner's favor on all issues other than the right to counsel at the previous hearing. Appellant's attorney did not disagree at that time. No transcript of the April 12, 1985 hearing was ever made. The Commissioner's attorney also said no notice of the filing of the May 2, 1985 order rescinding the revocation had ever been served. Appellant agreed.

The trial court issued its amended order on September 3, 1985, finding the May 2, 1985 order was entered solely in reliance on *Nyflot v. Commissioner of Public Safety*, 365 N.W.2d 266 (Minn.Ct.App.1985). That decision was reversed by the Minnesota Supreme Court on June 11, 1985. *Nyflot v. Commissioner of Public Safety*, 369 N.W.2d 512 (Minn.1985). In its amended order, the trial court vacated the order of May 2, 1985, to the extent it rescinded the revocation of appellant's driving privileges and sustained the revocation of appellant's driving privileges.

## ISSUES

1. Did the trial court err when it issued an amended order pursuant to Minn.R. Civ.P. 60.02?

2. Was the trial court clearly erroneous when it found the May 2, 1985 opinion was based solely upon the Court of Appeals' decision in *Nyflot*?

3. Were appellant's fourteenth amendment due process rights violated by respondent's failure to file an appeal in accordance with Minn.R.Civ.App.P. 104.01?

4. Should equitable estoppel be invoked where appellant allegedly relied on the original order?

## ANALYSIS

1. Appellant initially contends the Commissioner should have filed an appeal, and the 90 day appeal period applies. Appellant concedes no notice of the court's order was served on the Commissioner, but argues that the order is really a judgment.

The rules provide:

An appeal may be taken from a judgment within 90 days after its entry, and *from an order within 30 days after service by the adverse party of written notice of filing* unless a different time is provided by law.

Minn.R.Civ.App.P. 104.01 (emphasis added). Where, as here, notice of the filing of an order was not given, the statutory time limit did not begin to run. An appeal of

the order made substantially beyond the 30 day limit would have been timely. *Servin v. Servin*, 345 N.W.2d 754, 756–57 (Minn. 1984) (deciding the issue under the prior rule which contained substantially similar language).

The Commissioner moved for the amended order pursuant to Minn.R.Civ.P. 60.02, which provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * *, order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons: (1) Mistake, * * *; (5) * * * a prior judgment upon which it is based has been reversed * * *; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

The trial court recognized the decision upon which the prior order relied had been reversed. It vacated the earlier order rescinding the revocation of appellant's driving privileges and sustained the revocation.

The main issue becomes whether the trial court may vacate an order which was based entirely on a decision since reversed when the time for appeal had not yet run. The provision in rule 60.02 which seems most applicable is (5), which provides an order may be vacated where "a prior judgment upon which it is based has been reversed."

▮ While no applicable Minnesota case has intepreted this provision, analysis of the analogous federal law, Fed.R.Civ.P. 60(b)(5), indicates this provision is limited to judgments based on prior judgments only in the sense of res judicata or collateral estoppel. "It does not apply merely because a case relied on as precedent by the court in rendering the present judgment has since been reversed." 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2863 (1973) (footnote omitted). *See Marshall v. Board of Education*, 575 F.2d 417, 424 (3d Cir.1978); *Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645, 650 (1st Cir.1972); 2A D. Herr & R. Haydock, *Minnesota Practice* § 60.19 (1985).

▮ The Commissioner argues *Nyflot* was a prior decision which was a "necessary element" of the decision of the trial court. *See, e.g., Michigan Surety Co. v. Service Machinery Corp.*, 277 F.2d 531 (5th Cir.1960). *Nyflot* was used as precedent for making the decision; it is not a necessary element of the action.

▮ Appellant argues rule 60.02(1) and (6) cannot be used to correct judicial errors. When the time for appeal has expired, a party may not use rule 60.02 to obtain correction of a judicial error by the trial court. *Anderson v. Anderson*, 288 Minn. 514, 519, 179 N.W.2d 718, 722 (1970) (per curiam); *Arzt v. Arzt*, 361 N.W.2d 135, 136 (Minn.Ct.App.1985). Nor may the party generally obtain appellate review by appealing from an order denying a motion to vacate a judgment. *Gould v. Johnson*, 379 N.W.2d 643, (Minn.Ct.App.1986). The reasoning is that

> [w]here judicial error could have been remedied by an appeal from the judgment, the Rules understandably do not permit review of those errors by another method, such as an appeal from an order denying a motion to vacate a judgment.

*Id.* at 646 (quoting *Pederson v. Rose Cooperative Creamery Association*, 326 N.W.2d 657, 661 (Minn.1982)).

This matter involves a motion to vacate which was made within the time period in which an appeal could have been taken, and involves a different issue. Several cases are relevant to this issue.

In *Gelin v. Hollister*, 222 Minn. 339, 24 N.W.2d 496 (1946), the issue on appeal in a partition action was whether the trial court had authority to vacate its findings when the motion was not heard and the court's order was not made until after the 30 day period for appeal had expired. The supreme court held:

> Where an application to the court is made within the time for appeal, the

court has the power, for correction of judicial error, to hear a motion for and to order the modification, vacation, or setting aside of its orders and its judgments after the time for such appeal has expired.

*Id.* at 342–43, 24 N.W.2d at 499. The court also held the serving of filing of the notice of motion constituted an application to the court within the appeal time.

In *Holmes v. Conter,* 209 Minn. 144, 148, 295 N.W. 649, 651 (1941), the supreme court stated:

> In the case of judicial error, the motion to set aside must be made within the time limited to appeal because the relief asked for would be the same as that obtainable on appeal.

In *Connelly v. Carnegie Dock & Fuel Co.,* 148 Minn. 333, 181 N.W. 857 (1921), the supreme court addressed an analogous situation. A judgment was entered on December 9, 1918, pursuant to the Workmen's Compensation Act, in favor of plaintiffs in the amount of $1800. The decision was based on a supreme court case. On August 8, 1919, the supreme court decided another case which entitled plaintiff to twice as much money. On July 27, 1920, plaintiff made a successful application for an amended judgment, which changed the award to conform to the new rule of law. The supreme court in *Connelly* reversed the amended judgment, stating:

> There must come a time when a judgment is final against judicial error correctable by the court rendering it. The common law fixed the expiration of the term of court as the time. Under our holdings a judgment cannot be corrected by the court rendering it, because of judicial error, when it stands unchallenged until the time for review by this court has passed.

*Id.* at 334, 181 N.W. at 857. The court stated the power to correct judicial error once the right to review is gone is limited. *Id.* at 335, 181 N.W. at 858.

■ Thus, where a party brings a motion under rule 60.02 prior to the time when the appeal period has run, the trial court may vacate an order for judicial error.

■ 2. Appellant also contends the appropriate procedure, where the time for appeal has not run, is that the Commissioner be required to file the notice of appeal as well as the rule 60.02 motion.

But in *Schildhaus v. Moe,* 335 F.2d 529, 531 (2d Cir.1964), the court, commenting on a prior case where the second circuit heard a motion 21 days after judgment and granted relief from that judgment when a Supreme Court decision handed down 11 days after the judgment rendered it erroneous, stated:

> Under such circumstances there is indeed good sense in permitting the trial court to correct its own error and, if it refuses, in allowing a timely appeal from the refusal; no good purpose is served by requiring the parties to appeal to a higher court, often requiring remand for further trial proceedings, when the trial court is equally able to correct its decision in the light of new authority on application made within the time permitted for appeal.

*Id.* at 531. In *Schildhaus,* however, the court reversed the trial court's vacation of the order, where the rule 60(b) motion was made eight months after entry of judgment, well after the time for appeal had passed. *Id.* at 531. *Cf. In Re Texlon Corp.,* 596 F.2d 1092, 1100 (2nd Cir.1979) (criticizing use of rule 60(b)(1) to correct judicial error).

In numerous unpublished orders where the Commissioner of Public Safety appealed *Nyflot* matters to this court rather than bringing a rule 60.02 motion, this court has reversed the trial court and remanded for further proceedings in light of *Nyflot.* The trial court properly vacated its earlier ruling based on judicial error under Minn.R. Civ.P. 60.02(1).

■ 3. Appellant also contends the trial court did not rely entirely upon *Nyflot* in its first order. While it is true the trial court gave no reasons for its first decision, the record indicates it was based solely on

*Nyflot* grounds. In its amended order, the trial court made a finding of fact that the May 2, 1985 order was based solely on the court's reliance on the court of appeals' decision in *Nyflot*. A finding of fact may not be reversed unless clearly erroneous. *State, Department of Highways v. Beckey*, 291 Minn. 483, 487, 192 N.W.2d 441, 445 (1971). The finding was based on the Commissioner's assertion at the motion hearing that the trial court had found in his favor on all grounds except the *Nyflot* issue. The appellant made no assertion or argument to the contrary.

■ While appellant's petition for judicial review alleged various grounds for contesting his revocation, he did not make this argument below, did not provide on appeal any transcript of the first hearing, and did not provide any facts supporting his contention. Consequently, this argument is not ground for reversal.

■ 4. Appellant contends his fourteenth amendment due process rights were violated by respondent's failure to file an appeal. Appellant did not make this argument below and it is not properly raised here. *Connolly v. Commissioner of Public Safety*, 373 N.W.2d 352, 354 (Minn.Ct. App.1985). The Commissioner proceeded properly under the rules, and there is no basis for appellant's argument.

5. Appellant also contends he relied to his detriment on the original order, and the doctrine of equitable estoppel should be invoked. Again, this argument was not made below, and is not properly raised here. *Connolly*, 373 N.W.2d at 354. The argument is based on the theory that the time for appeal had passed, but as previously discussed, the appeal period had not yet run when the Commissioner made the motion.

### DECISION

The trial court did not err when it granted the motion to vacate in order to correct its judicial error.

Affirmed.