Stephen T. **CARTER**, individually and d/b/a Playcars, Respondent,

v.

James **ANDERSON**, Respondent (C6–96–731, C5–96–767), Appellant (C7–96–740),

Albert Balk, individually and d/b/a Associated Insurance Counselors, Appellant (C6–96–731), Respondent (C7–96–740, C5–96–767),

Minnesota Fire and Casualty Company, Respondent,

Employers Mutual Casualty Company, an Iowa Corporation, Respondent (C6–96–731, C7–96–740), Appellant (C5–96–767).

Nos. C6–96–731, C7–96–740, C5–96–767.

Court of Appeals of Minnesota.

Oct. 8, 1996.

Review Denied Dec. 23, 1996.

Glenn P. Bruder, Mitchell & Bruder, Minneapolis, for respondent Stephen Carter.

Bruce L. Beck, James A. Marks, Galena & Beck, St. Paul, for respondent/appellant James Anderson.

Clarence E. Hagglund, Britton D. Weimer, Hagglund & Weimer, Minneapolis, for appellant/respondent Albert Balk.

Daniel J. Trudeau, King & Hatch, P.A., St. Paul, for respondent Minnesota Fire & Casualty Co.

Kay Nord Hunt, Terrance W. Moore, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for respondent/appellant Employers Mutual Casualty Co.

Considered and decided by CRIPPEN, P.J., and PARKER and SHORT, JJ.

## OPINION

PARKER, Judge.

Respondent Stephen T. Carter brought claims against James Anderson, Albert L. Balk, d/b/a Associated Insurance Counselors (Balk–Associated), Minnesota Fire & Casualty Company (Minnesota F & C), and Employers Mutual Casualty Company (Employers Mutual) (collectively "the defendants"). All defendants moved for summary judg-

ment. The district court granted the motions, and judgment was entered. During the 90 days in which he could have appealed from the judgment, Carter moved the district court for "reconsideration," citing to Minn. R.Civ.P. 60.02. After the expiration of the 90–day appeal period, the district court reversed the earlier grant of summary judgment to Balk–Associated and Anderson and upheld the grant of summary judgment to Minnesota F & C and Employers Mutual. On appeal, the defendants argue that (1) Rule 60.02 does not allow a district court to correct judicial error; and (2) Carter failed to satisfy the test for relief from judgment set forth in *Finden v. Klaas*, 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964). We reverse.

## FACTS

Carter owned and operated "Playcars," which restored classic and antique cars. In May 1992, he entered into a purchase agreement on a contract for deed to acquire a building. The building owner allowed him to move into the property as a tenant prior to the closing date, but required that he procure insurance to cover the property. Carter contacted and discussed his insurance needs with Anderson, an independent insurance agent. Because Anderson was not an authorized agent for any insurance company, he had to place the insurance through another agency, Balk–Associated. Balk–Associated initially procured a binder from Minnesota F & C. That binder, however, was canceled, and a second binder was issued by Employers Mutual. Both the Employers Mutual and the Minnesota F & C binders provided tenant's liability coverage and not owner's liability coverage. After Carter closed on the property in July, an owner's policy was never procured and Carter never paid a premium for one.

On August 22, 1992, a fire destroyed Carter's business and the property of his customers. Carter contends that, pursuant to his discussions with Anderson, he orally contracted for owner's liability coverage to begin after closing. Carter brought negligence claims against Anderson and Balk–Associated and breach of contract claims against Minnesota F & C and Employers Mutual. After discovery, each defendant moved for summary judgment. Following full briefing and a hearing, the district court granted the motions for summary judgment and dismissed Carter's claims against all defendants. Judgment was entered on October 11, 1994.

On November 1, 1994, Carter moved the district court for "reconsideration," citing to Rule 60.02(a) and (f). The court heard the motion on December 18, 1995, and issued an order on March 14, 1996, reversing the earlier grant of summary judgment to Balk–Associated and Anderson. The court upheld the grant of summary judgment to Minnesota F & C and Employers Mutual. The court's reversal of summary judgment to Balk–Associated and Anderson fails to cite Rule 60.02, let alone a specific subdivision of the rule.

This appeal follows. This court, by order, has consolidated the appeals of Anderson, Balk–Associated, and Employers Mutual.

## ISSUE

Did the district court properly vacate summary judgment under Minn.R.Civ.P. 60.02?

## DISCUSSION

■ An order vacating an appealable final judgment is appealable itself. *In re State & Regents Bldg. Asbestos Cases*, 435 N.W.2d 521, 522 (Minn.1989). Questions of civil procedure are issues of law, and an appellate court owes no deference to the district court's decision thereon. *Wilkie v. Allied Van Lines, Inc.*, 398 N.W.2d 607, 610 (Minn.App.1986).

Minn.R.Civ.P. 60.02 provides, in relevant part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representatives from a final judgment * * * for the following reasons:

(a) Mistake, inadvertence, surprise, or excusable neglect;

(b) Newly discovered evidence * * *;

(c) Fraud * * *, misrepresentation, or other misconduct of an adverse party;

(d) The judgment is void;

(e) The judgment has been satisfied * * *;

(f) Any other reason justifying relief from the operation of the judgment.

■ Carter moved for "reconsideration" during the 90 days in which he could have appealed from the judgment. *See* Minn. R.Civ.App.P. 104.01 (party has 90 days to appeal following the entry of judgment). Carter cited Rule 60.02(a) and (f) as authority for his motion to reconsider and now on appeal also cites (c), claiming that misrepresentations by the defendants warranted relief from judgment. Carter failed to present a Rule 60.02(c) argument to the district court, and we will not consider such argument for the first time on appeal. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (an appellate court will consider only those matters and theories presented to and considered by the district court).

Carter contends on appeal that his "reconsideration" motion was not simply for the purpose of correcting judicial error. In reality, however, Carter reargued his case and requested the district court to correct judicial error. As Carter's attorney argued,

> [i]t's our position that re-consideration is warranted under rule 60 because the court's October decision, to speak bluntly, Your Honor, was incorrect as a matter of law.

The court, without applying any Rule 60.02 analysis, seemingly concluded that there had been judicial error.

■ Initially, we note that the practice of moving for general "reconsideration" under Rule 60.02 is highly suspect. The rules of civil procedure do not authorize a motion for "reconsideration," nor does such a motion extend the time to appeal the underlying order or judgment. *Welch v. Commissioner of Pub. Safety,* 545 N.W.2d 692, 694–95 (Minn.App.1996). The post-trial motions recognized by the Minnesota Rules of Civil Procedure are: (1) for a new trial under Rule 59.01; (2) for judgment notwithstanding the verdict under Rule 50.02; (3) for amended findings under Rule 52.02; and (4) for relief

from a judgment or order under Rule 60. Motions for a new trial, judgment notwithstanding the verdict, and amended findings are all bound by the time limitation of Rule 59.03, which requires that a motion be served within 15 days after a general verdict or service of notice by a party of the filing of the decision or order.

■ Rule 60.02 reflects a balance between the need for finality in judgments and the need for relief from judgments under very specific circumstances. The drafters of Rule 60.02 accordingly provided exceptions to the finality of judgments under narrowly defined circumstances. Rule 60.02 can be utilized only if one of the grounds specified in the rule exists. *Anderson v. Anderson,* 288 Minn. 514, 518, 179 N.W.2d 718, 721–22 (1970).

■ Nothing on the face of Rule 60.02 speaks to correction of judicial error. Rule 60.02(f), the subdivision upon which Carter relies on appeal, allows relief for "any other reason justifying relief" and has no explicit time limitation other than a "reasonable time." The supreme court has cautioned that Rule 60.02(6) (now 60.02(f)) is a residual clause to cover "unforeseen contingencies." *Anderson,* 288 Minn. at 518, 179 N.W.2d at 722. Correction of judicial error does not, however, constitute an "unforeseen contingency." The fact that district courts make errors must have been foreseen by the drafters of Rule 60.02. Indeed, the drafters included Rule 60.01 to deal with clerical errors without making similar provision for substantive judicial errors.[1] Under the statutory construction maxim *"expressio unius est exclusio alterius,"* which has been codified at Minn.Stat. § 645.19 (1994), exceptions expressed in a law are construed to exclude all others. *See also* Minn.Stat. § 645.001 (1994) (provisions of chapter 645 also govern rules). Application of this maxim supports our conclusion that Rule 60.02 is limited to the specific situations provided for in the rule itself and does not allow for general correction of judicial error.

---

1. While Rule 60.01 allows a district court to correct clerical mistakes in judgments, this case does not involve a clerical mistake. Further,

Carter brought his motion for "reconsideration" under Rule 60.02 rather than Rule 60.01.

The case law is not entirely clear as to whether Rule 60.02 can be used for the correction of judicial error. In *Arzt v. Arzt*, 361 N.W.2d 135, 136 (Minn.App.1985), this court went beyond answering the jurisdictional question presented (the motion in *Arzt* was brought after expiration of the time to appeal the judgment) and stated:

> Rule 60.02 is intended to correct mistake or inadvertence of a party, or to allow for newly discovered evidence, *not to correct judicial error.*

*Id.* at 136 (emphasis added). *Arzt* is rooted in the supreme court's *Anderson* decision, which held that Rule 60.02(f) does not allow the district court to reopen or amend judgments beyond the normal time limit merely because the court has committed judicial error. *Anderson*, 288 Minn. at 519, 179 N.W.2d at 722. Thus, *Anderson* does not actually hold that Rule 60.02 cannot be used to correct judicial error but, rather, that Rule 60.02 cannot be used to correct judicial error and extend the time to appeal. Although the jurisdictional issue in *Arzt* perhaps distinguishes it from the present case, we are inclined to agree with its dictum that Rule 60.02 is not intended to correct judicial error.

Carter cites *Gelin v. Hollister*, 222 Minn. 339, 24 N.W.2d 496 (1946), asserting that it allows for the correction of judicial error. *Gelin*, however, pre-dates adoption of the Rules of Civil Procedure and therefore does not control a Rule 60.02 analysis. Carter also cites this court's decision in *Dorso Trailer Sales, Inc. v. American Body & Trailer, Inc.*, 464 N.W.2d 551 (Minn.App.1990). That decision, however, was affirmed in part and reversed in part by the supreme court without discussing correction of judicial error under Rule 60.02. *Dorso Trailer Sales, Inc. v. American Body & Trailer, Inc.*, 482 N.W.2d 771 (Minn.1992). Further, this court specifically stated in *Dorso* that it did not involve judicial error but, rather, an attorney's failure to disclose a statute to the court and the attorney's affirmative misrepresentations to the court. 464 N.W.2d at 559–60.

The sole authority that Rule 60.02 can be used to correct judicial error is *Nordeen v. Commissioner of Pub. Safety*, 382 N.W.2d 256, 260 (Minn.App.1986), in which we held that when a party brings a motion under Rule 60.02 prior to expiration of the time to appeal, the trial court may vacate an order for judicial error. This court in *Nordeen*, however, was faced with the unique situation in which a district court corrected its original decision based on the supreme court's intervening reversal of an opinion from this court. *Id.* at 258. Further, *Nordeen* involved an order rather than a judgment, and the appeal period had not run because the order was never served. *Id.* Thus, *Nordeen* did not implicate the additional problem present in this case regarding the finality afforded to judgments.

Carter contends that judicial error can be corrected under Rule 60.02(f) so long as a motion is made prior to the expiration of the appeal period. This argument, however, would seem to vest the district courts with appellate jurisdiction concurrent with that of the Minnesota Court of Appeals. Adopting such a rule would saddle district courts with the time-consuming task of hearing the same arguments on the same issues twice. While the rule proposed by Carter might be of value to this court by reducing the number of resulting appeals, the burden on the district court could become intolerable. Appellate courts are designed to review for judicial error. To impose a burden upon the district court to entertain allegations of judicial error under a broad reading of Rule 60.02 by the vehicle of a motion for "reconsideration" would require this court, effectively, to adopt a new rule of civil procedure. This court has no authority to adopt such a rule.

For the reasons discussed above, it is doubtful that Rule 60.02 can be used as a substitute for appeal based on a perceived judicial error.[2] Assuming, however, without deciding that Rule 60.02 could be so used, our attention turns to whether Carter satis-

---

2. As Judge Bright of the Eighth Circuit Court of Appeals has noted in discussing the federal rules, "Aggrieved parties * * * should not file motions labelled 'motion for reconsideration' in federal court. The Federal Rules of Civil Procedure do not provide for such a motion. Instead, the motion should be properly designated under the rule authorizing the motion, such as Rule 52 or 59." *Sanders v. Clemco Industries*, 862 F.2d 161, 170 (8th Cir.1988).

fied the *Finden* test. *See Finden,* 268 Minn. at 271, 128 N.W.2d at 750. As the supreme court has noted, the *Finden* test has long been applied to analyze motions seeking relief from judgment under Rule 60.02. *Charson v. Temple Israel,* 419 N.W.2d 488, 491 (Minn.1988). This court has applied the *Finden* test to the question of whether summary judgment should be set aside under Rule 60.02. *Boulevard Del, Inc. v. Stillman,* 343 N.W.2d 50, 53 (Minn.App.1984).

■ The district court's application of Minn. R. Civ. P. 60.02 will not be reversed absent an abuse of discretion. *Charson,* 419 N.W.2d at 490. When the district court fails to employ the *Finden* test, however, an appellate court applies the test de novo. *See id.* at 491 (applying the *Finden* test de novo when the district court failed to apply the test). Thus, because the district court did not make any Rule 60.02 analysis or apply the *Finden* test, we must do so.

■ The party seeking to set aside summary judgment under Rule 60.02 must

(1) possess a reasonable defense on the merits, (2) have a reasonable excuse for the failure or neglect involved, (3) have acted with due diligence after notice of the entry of judgment, *and* (4) show that no substantial prejudice will result to the other party.

*Boulevard Del, Inc.,* 343 N.W.2d at 53 (citing *Finden,* 268 Minn. at 271, 128 N.W.2d at 749).

■ With respect to the first factor, we observe Carter made no showing on the merits against Employers Mutual, Minnesota F & C, and Balk–Associated. Carter may, however, have had some merit to his claim against Anderson. The second factor, "reasonable excuse for the failure or neglect involved," is not particularly pertinent to this case, in which Carter has alleged no failure or neglect on his part or on the part of his attorney. We do note in a related inquiry, however, that there is no reasonable excuse for pursuing a general motion for "reconsideration" rather than appealing the judgment or making an appropriate motion supported by the Rules of Civil Procedure. We also observe that Carter fully briefed and pre-

sented his case to the district court at the initial summary judgment hearing. Under the third factor, Carter did not act with "due diligence" by making an appropriate motion (particularly because the court made no findings in its initial grant of summary judgment) within the 15 days allowed under the rules. While Carter met the time requirement of Rule 60.02, we have grave doubts regarding its applicability to a motion for "reconsideration" seeking to correct judicial error. Regarding the fourth and final factor, substantial prejudice resulted to the defendants. After expiration of the appeal period, the defendants had a right to expect finality in the judgment unless relief was warranted under one of the narrow circumstances contained in Rule 60. Carter has made no showing warranting relief under Rule 60.02.

Ultimately, both Carter and the district court failed to articulate a proper Rule 60.02 ground entitling Carter to relief. Accordingly, we conclude the district court erred in vacating the final judgment when Carter failed to satisfy the *Finden* requirements. The district court must therefore be reversed, and the October 11, 1994, judgment must be reinstated. Because we reverse the district court, we need not address Balk–Associated's claim that Employers Mutual cannot be granted summary judgment without Balk–Associated also being granted summary judgment.

## DECISION

Because no basis for relief from judgment under Rule 60.02 was shown, the judgment entered on October 11, 1994, is ordered reinstated.

**Reversed.**