*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1107**

Clarinda Low,
Appellant,

vs.

Travis Russell Yorek,
Respondent.

**Filed April 25, 2016
Affirmed
Klaphake, Judge***

Dakota County District Court
File No. 19AV-CV-14-3417

Jonathan D. Miller, Meagher & Geer, P.L.L.P., Minneapolis, Minnesota (for appellant)

Wayne A. Jagow, Jagow Law Office, P.A., Burnsville, Minnesota (for respondent)

Considered and decided by Rodenberg, Presiding Judge; Hooten, Judge; and Klaphake, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

This appeal arises from an agreement between appellant and respondent that resolved the parties' dispute about the harassment restraining orders they had against each other. Appellant argues that the district court erred by issuing an order adopting the parties' agreement and later refusing to vacate that order. We affirm.

## DECISION

"[V]acating a stipulation of settlement rests largely within the discretion of the trial court, and the court's action in that regard will not be reversed unless it be shown that the court acted in such an arbitrary manner as to frustrate justice." *Myers v. Fecker Co.*, 312 Minn. 469, 474, 252 N.W.2d 595, 599 (1977). "The party seeking to establish a basis for avoiding a settlement has the burden of proof." *Id.*

After the district court granted appellant Clarinda Low an ex parte harassment restraining order (HRO) against respondent Travis Russell Yorek, the parties reached an agreement that was read into the record. Low and Yorek agreed to not have any contact with each other for three years and further agreed that "[a]ny contact during that time frame would constitute prima facie evidence for a party to be granted a harassment restraining order against the other party." Both Low and Yorek assented to the agreement under oath and stated that they understood the agreement was binding that day despite plans to later reduce the agreement to writing.

At Low's request, the district court later held an off-the-record phone conference to address Low's concerns regarding the agreement. Afterward, the district court issued an

2

order that "essentially adopted the settlement agreement as read into the record." Low then moved under Minn. R. Civ. P. 60.02 to vacate the district court's order and, in the alternative, moved under Minn. R. Civ. P. 52.02 for amended findings of fact. The district court denied her motions.

Low now contends that the district court erred by adopting the settlement agreement that was read into the record. She argues that the parties did not agree to the same terms and that there was therefore no meeting of the minds. The record belies her argument. Low's attorney asked Low if the terms of the agreement read into the record were "the terms [she] agreed to in exchange for dismissal of both restraining orders," and Low responded, "Yes." Low further testified that she understood "about the . . . no contact for three years and no disparaging comments to third parties" and that she agreed to those terms.

Low also argues that "issues beyond [those] stated on the record needed to be addressed in a writing," and that she and Yorek were unable to agree on those issues. But Low acknowledged and agreed that the settlement was enforceable on the day it was read into the record. Although the agreement did indicate that the parties would later put their agreement in writing, it also provided that the writing "will not be filed with the court" and "will be kept separate from any court file." Low does not explain how disagreement over terms that were never to be filed with a court amounts to reversible error by the district court.

Low also contends that the parties' agreement is unenforceable because some of the terms are ambiguous. Again, this argument conflicts with Low's testimony. Low stated

3

she understood the no-contact and no-disparaging-comments provisions of the agreement read into the record and that she agreed to those terms. Moreover, the cases Low cites are inapposite. Low relies on an unpublished case from this court. But unpublished opinions are not precedential. *See* Minn. Stat. § 480A.08, subd. 3(c) (2014) (stating that "[u]npublished opinions of the [c]ourt of [a]ppeals are not precedential"); *Gen. Cas. Co. of Wis. v. Wozniak Travel, Inc.*, 762 N.W.2d 572, 575 n.2 (Minn. 2009) (stating that "the unpublished Minnesota court of appeals decision does not constitute precedent"). Low also relies on two United States Supreme Court cases, *Grayned v. City of Rockford*, 408 U.S. 104, 92 S. Ct. 2294 (1972), and *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 46 S. Ct. 126 (1926). But both cases address constitutional challenges to legislative enactments. *Grayned*, 408 U.S. at 106, 92 S. Ct. at 2298; *Connally*, 269 U.S. at 390, 46 S. Ct. at 127. Low is not challenging the constitutionality of a statute, and she makes no constitutional arguments. Thus, Low provides no legal authority to support her argument that ambiguity in the terms of a settlement agreement precludes the district court from adopting the terms of that agreement.

Lastly, to the extent that Low argues that the district court erred by denying her rule 60.02 motion to vacate and her rule 52.02 motion for amended findings, we conclude that the district court did not abuse its discretion by denying the motions. *See Zander v. Zander*, 720 N.W.2d 360, 364 (Minn. App. 2006) (stating that this court reviews a district court's denial of a rule 52.02 motion "under an abuse-of-discretion standard"), *review denied* (Minn. Nov. 14, 2006); *Pearce v. Lindstrom*, 443 N.W.2d 857, 860 (Minn. App. 1989)

4

(stating that relief under rule 60.02 "is within the sound discretion of the trial court and will not be reversed unless this court is persuaded of a clear abuse of discretion").

Minnesota Rule of Civil Procedure 60.02 provides, in pertinent part, that the district court may relieve a party from an order or grant relief as may be just for the following reasons: "(a) Mistake, inadvertence, surprise, or excusable neglect; (b) Newly discovered evidence . . . ; (c) Fraud . . . , misrepresentation, or other misconduct of an adverse party; . . . or (f) Any other reason justifying relief from the operation of the judgment." "Rule 60.02 can be utilized only if one of the grounds specified in the rule exists." *Carter v. Anderson*, 554 N.W.2d 110, 113 (Minn. App. 1996), *review denied* (Minn. Dec. 23, 1996). Low does not identify which provision of rule 60.02 entitles her to relief. She presents solely legal arguments concerning alleged judicial errors. Such arguments do not warrant relief under rule 60.02. *See id.* at 113 ("Rule 60.02 is limited to the specific situations provided for in the rule itself and does not allow for general correction of judicial error."); *Arzt v. Arzt*, 361 N.W.2d 135, 136 (Minn. App. 1985) ("Rule 60.02 is intended to correct mistake or inadvertence of a party, or to allow for newly discovered evidence, or for void or satisfied judgments, not to correct judicial error.").

Minnesota Rule of Civil Procedure 52.02 provides that the district court "may amend its findings or make additional findings, and may amend the judgment accordingly if judgment has been entered." "The purpose of a motion for amended findings is to permit the trial court a review of its own exercise of discretion." *Johnson v. Johnson*, 563 N.W.2d 77, 78 (Minn. App. 1997) (quotation omitted), *review denied* (Minn. June 30, 1997). Low does not identify any specific findings by the district court as erroneous. Rather, she argues

5

about the legal effect and interpretation of the district court's conclusions of law. Again, such an argument does not justify the relief that Low seeks. *See Poppler v. Wright Hennepin Coop. Elec. Ass'n*, 845 N.W.2d 168, 172 (Minn. 2014) ("Rule 52.02 describes the procedures for amending the factual findings referenced in Rule 52.01."); *Zander*, 720 N.W.2d at 365 (applying clearly erroneous standard to determine whether district court erred by denying motion to amend findings).

In sum, Low has not demonstrated that the district court abused its discretion by adopting the terms of her settlement agreement with Yorek. Nor has she shown that the district court abused its discretion by denying her motion to vacate or her motion for amended findings. We therefore affirm.

**Affirmed.**