**STOCKDALE BANCORPORATION,
et al., Respondents,**

v.

**Kent KJELLBERG, Appellant.**

No. C7–91–1948.

Court of Appeals of Minnesota.

Jan. 21, 1992.

James R. Anderson, Marshall, for respondents.

David S. Holman, Morris, Fuller & Seaver, P.A., Minneapolis, for appellant.

Considered at Special Term and decided by PARKER, P.J., and KALITOWSKI and PETERSON, JJ.

## SPECIAL TERM OPINION

PARKER, Judge.

### FACTS

Respondents Stockdale Bancorporation, et al., sued appellant Kent Kjellberg to collect insurance premiums. Four days before the scheduled trial date, appellant retained new counsel. The trial court denied appellant's motion for a continuance. Respondents prevailed at trial, and a judgment in their favor was entered on June 27, 1991.

Appellant moved for a new trial, which was denied in the trial court's order dated August 28. Appellant filed this appeal from the August 28 order by mail on September 27. Because it appeared from the appeal papers that the only issue raised was the propriety of the trial court's pre-trial order denying a continuance, this court questioned jurisdiction. Both parties submitted memoranda.

### DECISION

An appeal from an order denying a new trial brings up for review only the errors occurring during trial which were raised in the motion, and it does not present orders made prior to trial. *Brown v. St. Paul City Ry. Co.*, 241 Minn. 15, 30, 62 N.W.2d 688, 698–99 (1954). Pre-trial orders are reviewable *only* on appeal from a final judgment. *Id.*

In this case, the pre-trial order denying a continuance is not within our

scope of review because the appeal was taken from the order denying a new trial and not from the final judgment. We cannot construe this appeal to be from the June 27 judgment, because the 90–day period to appeal that judgment expired before this appeal was filed. *See* Minn.R.Civ.App.P. 104.01 (appeal from judgment must be taken within 90 days after entry), 126.02 (appellate court may not extend time to file notice of appeal).

Appellant argues his new trial motion was not based solely upon the propriety of the pre-trial order. The post-trial motion papers, however, focus on the trial court's refusal to grant a continuance to allow appellant to amend his answer. The motion and supporting affidavit failed to identify any specific basis for a new trial under Minn.R.Civ.P. 59.01. *See In re Estate of Williams*, 217 Minn. 634, 634, 13 N.W.2d 736, 736 (1944) (denial of new trial must be affirmed if motion failed to identify specific grounds); *Swartwoudt v. Swartwoudt*, 349 N.W.2d 600, 602 (Minn.App.1984) (new trial motion must explicitly state Rule 59.01 basis), *pet. for rev. denied* (Minn. Sept. 12, 1984).

Because the pre-trial order denying a continuance is not reviewable on appeal from an order denying a new trial and the new trial motion did not preserve any issues for appellate review, this appeal must be dismissed.

Appeal dismissed.