**In re the Marriage of Twila L. BOUGIE, Petitioner, Respondent,**

**v.**

**John T. BOUGIE, Appellant.**

**No. C3–92–1679.**

Court of Appeals of Minnesota.

Jan. 5, 1993.

Daniel P. DeWan, Jennings, DeWan & Anderson, North Branch, for respondent.

Harold R. Wingerd, St. Paul, for appellant.

Considered at Special Term and decided by ANDERSON, C.J. and PARKER and SCHUMACHER, JJ.

## SPECIAL TERM OPINION

ANDERSON, Chief Judge.

### FACTS

An amended judgment and decree in the parties' dissolution action was entered on March 5, 1992 (March judgment). Notice of entry of the March judgment was served on appellant on May 5, 1992. Two weeks later, appellant filed a timely motion to amend the March judgment. The trial court denied appellant's motion to amend by an order dated June 26, 1992 (June order). Respondent served notice of filing of the June order upon respondent on August 3, 1992. Appellant filed this appeal from the June order on September 2, 1992.

In the meantime, on July 2, 1992, respondent moved the trial court for, among other things, modification of child support and maintenance. Respondent's July 2 modification motion was still pending on September 2 when appellant filed this appeal.

Respondent has moved to dismiss this appeal because (1) the June order is not appealable; (2) the time to appeal the March judgment has expired; and (3) this appeal is premature because of the pending motions. Appellant did not respond to this motion.

### DECISION

In 1992, the Minnesota Supreme Court promulgated a new civil appellate procedural rule specifically governing appeals in marital dissolution actions. Minn.R.Civ. App.P. 104.04. This rule provides:

**Subd. 1.** An appeal may be taken from a judgment and decree of dissolution within 90 days after its entry, from an amended judgment and decree of dissolution within 30 days after service by the adverse party of written notice of entry, and from an order within 30 days after service by the adverse party of written notice of filing unless a different time is provided by law.

**Subd. 2.** The time for appeal shall run from service by the adverse party of written notice of filing of an order denying a new trial or granting or denying any of the following motions:

(a) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted;

(b) to alter or amend the judgment;

(c) for modification of an order with respect to custody or visitation; or

(d) for modification of child support or of maintenance.

A notice of appeal filed during the pendency of any of the above motions shall be premature and shall not divest the district court of jurisdiction to dispose of

the motion. A new notice of appeal must be filed within the prescribed time measured from service by the adverse party of written notice of filing of the order disposing of the motion as provided above and no additional fees shall be required for such filing. In the event a respondent is a party aggrieved by the order disposing of the motion, a notice of review pursuant to Rule 106 may be filed within the prescribed time measured from the filing of the new notice of appeal. If a notice of review has been filed, the appeal shall not be dismissed without the approval of the appellate court.

 This is our first opportunity to interpret rule 104.04. The intent of the rule is to enhance judicial economy in dissolution actions by allowing the parties to exhaust trial court remedies before an appeal is taken.

 We point out initially that rule 104.04 does not alter the types of orders or judgments from which an appeal may be taken. Hence, the trial court's June order denying appellant's motion to amend is not independently appealable. *Kempf v. Kempf*, 287 Minn. 529, 530, 177 N.W.2d 40, 40 (1970) (order denying motion to amend a judgment is not appealable under Minn. R.Civ.App.P. 103.03). We construe this appeal to be from the March judgment. *See Kelly v. Kelly*, 371 N.W.2d 193, 195–96 (Minn.1985) (notices of appeal are to be liberally construed in favor of their sufficiency, and are not insufficient due to defects which could not have been misleading).

 The rule does address the timing of appeals in marital dissolution actions. Most importantly, rule 104.04 provides that certain motions, including a motion to amend or make additional findings of fact, extend or toll the time to appeal from the underlying (appealable) order or judgment. Minn.R.Civ.App.P. 104.04, subd. 2. In this case, appellant moved to amend the March judgment. Accordingly, the time to appeal the March judgment did not begin to run until August 3, when respondent served notice of filing of the June order denying appellant's motion to amend the March judgment. Hence, this appeal, which was filed within 30 days after notice of filing of the June order, is timely. *See* Minn.R.Civ. App.P. 104.04, subd. 2.

 At the time this appeal was filed, however, respondent's motion for modification of child support and maintenance was still pending in the trial court. Even though respondent's modification motion and this appeal present different issues, rule 104.04 specifies that a notice of appeal filed during the pendency of *"any* of the above motions" shall be premature. Minn. R.Civ.App.P. 104.04, subd. 2 (emphasis added). A motion for modification of child support or maintenance is included as one of the rule's "motions". *Id.*, subd. 2(d). Hence, appellate review of the March judgment must await the trial court's ruling on respondent's modification motion.

In conclusion, the present appeal is premature and must be dismissed. Appellant may obtain review of the March judgment by filing a new notice of appeal within 30 days after service by respondent of written notice of filing of the order disposing of respondent's modification motion. *Id.*, subd. 2. No additional fees will be required for such filing. *Id.*

Appeal dismissed.