**In re Marriage of Heidrun Hagen DOTY, petitioner, Respondent,**

v.

**Russell Leigh DOTY, Appellant.**

**No. C9–94–2095.**

Court of Appeals of Minnesota.

June 20, 1995.

Judith L. Mason, Brooklyn Center, for respondent.

Russell Leigh Doty, St. Paul, pro se.

Considered and decided by SCHUMACHER, P.J., and KALITOWSKI and SHORT, JJ.

## OPINION

SCHUMACHER, Judge.

Heidrun Hagen Doty (wife) petitioned to dissolve her marriage to Russell Leigh Doty (husband) in August 1993. The trial court filed its findings of fact and conclusions of law on June 7, 1994. Husband's motion for amended findings was denied because of untimely service. He filed his notice of appeal on October 11, 1994. Wife filed a motion to dismiss this appeal because the notice of appeal was untimely. We agree and dismiss. We also deny husband's motion to correct the trial court record.

## FACTS

Husband and wife were married on July 9, 1988. The parties separated on June 20, 1993, and wife filed a petition for dissolution on August 13, 1993. Judgment was entered on June 7, 1994, and amended on June 13, 1994. Wife served husband with notice of entry of the judgments on July 12, 1994.

Husband filed a motion for amended findings on August 1, 1994. That same day, he served wife's attorney by sliding the motion under the door of her closed office. He also hired a professional process server who served wife personally at her home sometime after 10:00 p.m. By order filed August 31, 1994, the trial court denied husband's motion because it was not properly served.

On October 11, 1994, husband filed his notice of appeal. Wife filed a motion to dismiss the appeal as untimely filed. Husband filed a motion to correct the record.

## ISSUES

1. Must this appeal be dismissed as untimely filed?

2. Should this court grant husband's motion to correct the record?

## ANALYSIS

1. Wife moved to dismiss this appeal on the grounds that the notice of appeal was not timely filed. Minnesota law provides:

> An appeal may be taken from a judgment and decree of dissolution within 90 days after its entry, from an amended judgment and decree of dissolution within 30 days after service by the adverse party of written notice of entry, and from an order within 30 days after service by the adverse party of written notice of filing.

Minn.R.Civ.App.P. 104.04, subd. 1. A motion to amend the findings extends the time for appeal to 30 days after service by the adverse party of notice of filing of the order granting or denying the motion to amend. *Id.,* subds. 1, 2.

■ Wife argues that husband's August 1, 1994 motion to amend cannot extend the time for appeal because the motion itself was untimely. Rule 104.04 does not expressly provide that the motion must be timely before it will extend the time for appeal.

> This court interpreted rule 104.04, stating: [R]ule 104.04 provides that certain motions, including a motion to amend * * *, extend or toll the time to appeal from the underlying (appealable) order or judgment.

*Bougie v. Bougie,* 494 N.W.2d 485, 487 (Minn.App.1993) (citation omitted). The court did not directly state that the motion must be timely; the court, however, summarized its holding by stating that "a *timely* motion for amended findings extends the time to seek review of an appealable order or judgment." *Id.* at 486 (emphasis added). We conclude that to extend the time for appeal under rule 104.04, a motion to amend must itself be timely. To rule otherwise would be unfair to opposing parties who rely on the finality of orders or judgments.

■ Wife argues that husband's motion to amend was untimely because it was not properly served within the required time period. Minn.R.Civ.P. 5.02 provides:

> Whenever under these rules service is required or permitted to be made upon a party represented by an attorney, the *service shall be made upon the attorney unless service upon the party is ordered by the court.* * * * Service upon the attorney or party shall be made by delivering or by mailing a copy to the attorney or party at either's last known address * * *. Delivery of a copy within this rule means: Handing it to the attorney or party; or leaving it at either's office with a clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, *if the office is closed* or the person to be served has no office, *leaving it at the attorney's* or party's *dwelling house or usual place of abode* with some person of suitable age and discretion then residing therein.

(Emphasis added.)

Husband attempted service on August 1, 1994, the last day for timely service pursuant to Minn.R.Civ.P. 5.02, 6.01, 6.05. He arrived at the office of wife's attorney to personally serve the motion papers, but the office was closed. He then solicited a passerby to slide the paper under the office door. Those papers were discovered by the attorney's secretary the next day. Husband also hired a private process server, who served wife personally at her home late on the evening of August 1, 1994.

Husband argues that service was effected when he left the papers under the door of the attorney's office because no one was in charge of the office and the papers were left in a conspicuous location. *See* Minn.R.Civ.P. 5.02. This argument fails to account for the language in rule 5.02 that service should be at the attorney's dwelling place "if the office is closed." This more specific provision applies to the circumstances husband faced at the attorney's office on August 1, 1994. Thus, leaving the papers in a conspicuous spot did not result in proper service.

Husband also argues that personal service on wife effectuated service within the proper time period. This argument also fails to take into account the language in rule 5.02 that requires service of a represented party to be on the party's attorney. *See* Minn.R.Civ.P. 5.02. Service directly on a represented party is permitted only by order of the court. *Id.* Husband did not have an order authorizing service on wife personally; therefore service

on wife was not effective. Since both attempts at service failed and August 1, 1994 was the final day for proper service, husband's motion to amend was not timely.

Because husband's motion to amend was not timely, the order denying that motion did not toll or extend the time for appeal. Husband's time for appeal was limited to 90 days from the entry of judgment and decree of dissolution. Minn.R.Civ.App.P. 104.04. The judgment and decree were entered on June 7, 1994. To be timely, husband had to file his notice of appeal by September 5, 1994.

■ 2. Husband moved this court to correct the transcript, alleging numerous inaccuracies. The parties may stipulate to correct misstatements in the record, but the parties here do not agree on the changes to be made. *See* Minn.R.Civ.App.P. 110.05.

> If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and determined by the trial court and the record made to conform.

*Id.* There is no indication that a motion to correct the record was made in the trial court. We will not resolve a factual dispute about the accuracy of the transcript, and we cannot determine whether the existing record "truly discloses what occurred in the trial court."

## DECISION

Because husband did not file his notice of appeal in a timely manner, this appeal is dismissed for lack of jurisdiction. We deny husband's motion to correct the record because the motion is not properly before us.

**Appeal dismissed and motion denied.**