**In re the Marriage of Charles Patrick BOUTON, petitioner, Respondent,**

v.

**Lori Ann BOUTON, Appellant.**

No. C7–95–1392.

Court of Appeals of Minnesota.

Dec. 26, 1995.

Erik R. Johnson, Solberg, Stewart, Miller, Johnson & Noack Fargo, ND, for respondent.

Elizabeth Jane Sundby, Fargo, ND, for appellant.

Considered at Special Term and decided by TOUSSAINT, C.J., RANDALL and NORTON, JJ.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

### FACTS

The final judgment and decree in the parties' marital dissolution action was entered on January 6, 1995. By order filed March 13, 1995, the trial court denied appellant's motion for amended findings. Respondent served notice of filing of the March 13, 1995, order by mail on March 24, 1995.

This appeal from the January 6, 1995, judgment was served and filed by mail on June 26, 1995. This court questioned whether the appeal is timely. Both parties submitted jurisdiction memoranda.

### DECISION

The timing of appeals in marital dissolution actions is governed by Minn.R.Civ. App.P. 104.04. The rule provides:

Subd. 1. An appeal may be taken from a judgment and decree of dissolution within 90 days after its entry, from an amended judgment and decree of dissolution within 30 days after service by the adverse party of written notice of entry, and from an order within 30 days after service by the adverse party of written notice of filing unless a different time is provided by law.

Subd. 2. The time for appeal shall run from service by the adverse party of written notice of filing of an order denying a new trial or granting or denying any of the following motions:

(a) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted;

(b) to alter or amend the judgment;

(c) for modification of an order with respect to custody or visitation; or

(d) for modification of child support or of maintenance.

A notice of appeal filed during the pendency of any of the above motions shall be premature and shall not divest the district court of jurisdiction to dispose of the motion. A new notice of appeal must be filed within the prescribed time measured from service by the adverse party of written notice of filing of the order disposing of the motion as provided above and no additional fees shall be required for such filing. In the event a respondent is a party aggrieved by the order disposing of the motion, a notice of review pursuant to Rule 106 may be filed within the prescribed time measured from the filing of the new notice of appeal. If a notice of review has been filed, the appeal shall not be dismissed without the approval of the appellate court.

Absent a timely motion of the type specified in Rule 104.04, subd. 2, the time to appeal the January 6, 1995, judgment and decree would have expired 90 days after judgment was entered. Minn.R.Civ.App.P. 104.04, subd. 1. Appellant's timely motion for amended findings extended the time to appeal the judgment and decree. *See Id.,* subd. 2; *Bougie v. Bougie,* 494 N.W.2d 485, 487 (Minn.App.1993) (rule 104.04 provides that certain motions, including a motion to amend or make additional findings of fact, extend or toll the time to appeal from the underlying appealable order or judgment).

When the appeal period is extended, the rule states that the "time for appeal" shall run from service by the adverse party of written notice of filing of the order denying a motion specified in the rule. *See* Minn.R.Civ. App.P. 104.04, subd. 2. The rule also states that when an appeal is dismissed as premature because it was filed during the pendency of one of the specified motions, a new notice of appeal must be filed within the "prescribed time," measured from service by the adverse party of written notice of filing of the order disposing of the motion. *Id.* The rule does not specify how long the extended appeal period continues after the notice of filing.

■ Generally, the time to appeal from an order expires 30 days after an adverse party serves written notice of filing. *See* Minn. R.Civ.App.P. 104.01. Appellant argues that because Minn.R.Civ.App.P. 104.04, subd. 1, provides that an appeal may be taken from a judgment and decree of dissolution within 90 days after entry, the extended "time for appeal" under subdivision 2 of the rule is 93 days after notice of filing is served by mail. *See* Minn.R.Civ.App.P. 125.03 (three days added to prescribed period when service of the document triggering the period is by mail). In this case, the notice of filing was served by mail on March 24, and appellant argues that this appeal, filed 93 days later, on June 26, is timely.

■ We recognize the ambiguity in the rule and have accepted this appeal. Nonetheless, we reject appellant's argument and hold that the extended appeal period expires 30 days after an adverse party serves written notice of filing of the order disposing of the motion. The interpretation of the rule adopted in this opinion will govern all future appeals.

Our interpretation of the extended appeal time is consistent with the usual 30–day appeal period that follows written notice of filing. *See* Minn.R.Civ.App.P. 104.01. The time to appeal an initial judgment and decree is triggered by entry of the judgment, not by notice of filing. It would be anomalous to interpret the rule to say that the extended appeal time "shall run from service * * * of notice of filing" of the order and that it must be 90 days because the only 90–day appeal period mentioned in the rule is calculated from the entry of judgment, not from a notice of filing. Instead, we hold that the extended appeal period "shall run" for 30 days after an adverse party's service of notice of filing of an order disposing of a motion specified in rule 104.04, subdivision 2, regardless of whether the underlying decision from which the appeal is taken is a judgment and decree, an amended judgment, or an appealable order.

**Appeal to proceed.**