In re the Marriage of Douglas
E. JOHNSON, Petitioner,
Respondent,

v.

Beverly J. JOHNSON, Appellant.

No. C7–96–1743.

Court of Appeals of Minnesota.

May 6, 1997.

Review Denied June 30, 1997.

Vicki Miller Luoma, Burnsville, for Petitioner, Respondent.

John H. Daniels, Jr., Willeke & Daniels, Minneapolis, for Appellant.

Considered and decided by HUSPENI, P.J., and PARKER and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Beverly J. Johnson (wife) appeals a trial court order terminating her permanent maintenance and denying her motion for increased spousal maintenance. A motion for amended findings must be heard by the judge who made the findings. Accordingly, we reverse and remand this matter to the original judge.

## FACTS

The marriage of wife and Douglas E. Johnson (husband) was dissolved in 1994. Wife was awarded permanent spousal maintenance of $1,150 per month.

On December 5, 1995, husband moved to terminate wife's permanent spousal maintenance. He claimed there was a material change in circumstances because he was retiring at age 59, effective March 1, 1996. Husband claimed that he was retiring "due to health considerations."

Wife responded that husband's decision to take early retirement was motivated by bad faith to avoid or reduce his maintenance obli-

gations. Wife moved for (1) an increase in monthly maintenance, (2) continued medical insurance coverage, (3) attorney fees, and (4) compensation for the diminution in the value of her monthly pension benefit caused by husband's early retirement.

A hearing was held before Judge 1. In an order dated April 4, 1996, the district court denied husband's request to terminate spousal maintenance and granted wife's request for an increase in spousal maintenance. The district court found that husband failed to present any evidence that he was advised to retire by a physician or that he suffers from a debilitating injury that prevents him from working. The district court concluded that husband "is voluntarily choosing to retire and is otherwise fully capable of earning income * * * ." *See Richards v. Richards*, 472 N.W.2d 162, 165 (Minn.App.1991) (holding that if maintenance obligor retires in bad faith to reduce income, obligor's property award may be invaded in order to meet obligee's needs).

On April 27, 1996, husband moved for amended findings and asked the court to "end maintenance due to his retirement" and to end his "obligation to pay [wife's] health care premiums." Husband's counsel stated in an affidavit that she attempted to schedule a hearing on the motion before Judge 1, but Judge 1 directed her to schedule the hearing before a different judge because Judge 1 "was very busy with trials."

A hearing on husband's motion was held before Judge 2. Judge 2 stated that the matter was before the court for "reconsideration" of the April 4, 1996, order. Judge 2 found that "there has been a substantial change in circumstances so as to make the original Judgment and Decree unfair and unreasonable," that husband "should have the election of whether or not to retire," and that husband's retirement was "reasonable under the circumstances." Judge 2 ordered the judgment and decree be amended to reserve any payment of spousal maintenance. Judge 2 then stated that "all other provisions of the order of the Court dated April 4, 1996, which are inconsistent with this order should be vacated." Wife appeals from the order issued by Judge 2.

## ISSUE

Did Judge 2 have the authority to rule on a motion for amended findings when Judge 1, the judge who made the findings, was not disabled?

## ANALYSIS

When husband moved for amended findings and other relief, Judge 2 said that the matter was before the court for "reconsideration." The rules of civil procedure do not authorize a motion for reconsideration. *Welch v. Commissioner of Pub. Safety*, 545 N.W.2d 692, 694 (Minn.App.1996). We construe husband's motion as a motion for amended findings under Minn. R. Civ. P. 52.02.

The purpose of a motion for amended findings "is to permit the trial court a review of its own exercise of discretion." *Stroh v. Stroh*, 383 N.W.2d 402, 407 (Minn. App.1986). In considering such a motion, "the trial court must apply the evidence as submitted during the trial of the case." *Rathbun v. W.T. Grant Co.*, 300 Minn. 223, 238, 219 N.W.2d 641, 651 (1974). A motion for amended findings necessarily should be heard by the judge who made the findings so that the judge can apply the evidence as submitted. In certain rare instances, the rules of civil procedure contemplate that a different judge may hear a motion to amend findings, *if* the judge who made the findings is disabled:

> If by reason of death, sickness, or other disability a judge before whom an action has been tried is unable to perform judicial duties after * * * findings of fact and conclusions of law are filed, any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; * * *

Minn. R. Civ. P. 63.01.

In *Kornberg v. Kornberg*, 542 N.W.2d 379 (Minn.1996), the supreme court explained that "other disability" includes a judge's resignation or retirement. *Id.* at 385. The *Kornberg* court concluded that after a judge who initially heard a motion retired, the successor judge had the authority to take any

action that the predecessor judge could have taken, including reinstating a judgment and decree that had been vacated by the predecessor judge. *Id.* at 386.

■ By contrast, the record here shows that Judge 1 was not "disabled" and was able to hear husband's motion for amended findings. Judge 1 apparently declined to hear the motion because it was inconvenient.

## DECISION

We reverse and remand this matter to Judge 1 to hear husband's timely motion for amended findings.

**Reversed and remanded.**