In re the Marriage of Lisa S. **HUGHES**, petitioner, Appellant,

v.

Gregory G. **HUGHLEY**, Respondent.

No. C1–97–372.

Court of Appeals of Minnesota.

Oct. 7, 1997.

Gregory R. Seamon, St. Paul, for appellant.

Thomas G. Lauer, Ahlberg, Egan, Stewart, Friedley & Lauer, P.A., Apple Valley, for respondent.

Considered and decided by SCHUMACHER, P.J., and NORTON and WILLIS, JJ.

## OPINION

SCHUMACHER, Judge.

Lisa S. Hughes appeals from an order awarding respondent Gregory G. Hughley damages and terminating the portion of his maintenance obligation requiring him to pay her health insurance premiums. She argues the district court failed to make appropriate findings to support the order. We reverse and remand.

## FACTS

Hughes and Hughley were divorced on July 21, 1994. At the time of the divorce, Hughes was disabled and required frequent medical treatment. Both had health insurance through Hughley's membership in the United Food and Commercial Workers Union (union plan).

The divorce was based on the parties' stipulated Marital Termination Agreement that was incorporated into the judgment and decree. The decree contained a provision on health insurance that required Hughley to pay, as spousal maintenance, Hughes's

> continuation or conversion coverage on [Hughley's] employer's or union's medical and hospitalization insurance policy now in force. [Hughley] shall be obligated for the payment of any and all premiums relating to said coverage * * *.

The provision provided that at the end of the continuation period, Hughes must be allowed to enroll in an individual conversion plan, and that Hughley was required to cooperate in obtaining conversion coverage for Hughes and to pay the conversion plan's premium. The provision also required that

> [i]t shall be [Hughes's] responsibility to notify the health insurance provider that the parties are now divorced, and that [Hughes] seeks continuation coverage.

Finally, the provision provided that

> [t]he medical and hospitalization insurance shall be maintained at the present level of coverage and deductible amount. In the event that either party wishes to change the type of insurance, the change will be discussed with the other party and agreed upon prior to any change.

On September 19, 1994, the union notified Hughes that she did not qualify for continuation coverage under the union plan. Hughes immediately obtained private insurance known as Medica SeniorCare Plus to replace the cancelled union insurance.

Hughley paid Hughes $65.00 per month for the SeniorCare Plus premiums until June 1995 when he began paying $185.00 per month. Hughley paid the increased premiums through May 1996. He refused to pay further premiums because he believed Hughes was misleading him as to the cost of the premiums. In total, Hughley paid Hughes $2,840.

In October 1996, Hughes brought a motion in district court to compel Hughley to obtain health insurance for her that she argued the decree required to be comparable to the union plan. Hughes argued the SeniorCare Plus plan provided inferior coverage that required her to incur substantial out-of-pocket expenses. Hughley subsequently moved to terminate his obligation to pay for Hughes's health insurance and for reimbursement of increased premiums he argues he overpaid from June 1995 through May 1996.

The district court terminated Hughley's obligation to pay for Hughes's health insurance and ordered Hughes to reimburse Hughley $1,147.30 for overpayment of premiums. Hughes's subsequent motions for amended findings of fact or a new trial were denied. Hughes appeals.

## ISSUES

1. Does a motion for amended findings suspend the time to appeal an underlying appealable order when there has been no trial?

2. Did the district court err in terminating Hughley's obligation to pay Hughes's health insurance premiums?

3. Did the district court err in awarding Hughley reimbursement for Hughes's allegedly overpaid health insurance premiums?

## ANALYSIS

1. Timing of appeals in marital dissolution proceedings is governed by Minn. R. Civ.App. P. 104.04. Rule 104.04 provides that appeal may be taken within 30 days from service by the adverse party of written notice of the filing of an order. Minn. R. Civ.App. P. 104.04, subd. 1. The rule, however, also provides that the time for appeal shall run from service by the adverse party of written notice of the filing of an order granting or denying any of several motions, including a motion for amended findings. Minn. R. Civ.App. P. 104.04, subd. 2. Thus, the pendency of a proper motion of a type

listed in Minn. R. Civ.App. P. 104.04, subd. 2 suspends the time to appeal from an appealable order until service by the adverse party of written notice of the filing of the order granting or denying the motion in question. *Bougie v. Bougie,* 494 N.W.2d 485, 487 (Minn.App.1993); *see also Bouton v. Bouton,* 541 N.W.2d 22, 23 (Minn.App.1995) (citing *Bougie* ).

■ Hughley claims motions for amended findings and/or motions for a new trial can be made only when there has been a trial. Noting that this case did not involve a trial, Hughley further claims Hughes's motion for amended findings or a new trial was improper, did not suspend the appeal period, and that this appeal must be dismissed as untimely. *See Doty v. Doty,* 533 N.W.2d 72, 74 (Minn.App.1995) (dismissing appeal because (a) motion to amend was untimely, and therefore did not suspend the appeal period; and (b) the appeal was not otherwise timely); *Bongard v. Bongard,* 342 N.W.2d 156, 158 (Minn.App.1983) ("[t]ime limits on appeals are jurisdictional"). We disagree.

Under Minn. R. Civ. P. 52.02, any motion for amended findings must be made within the time for a new trial. Under rule 59.03, motions for a new trial must be made within 15 days after a general verdict or "service of notice by a party of the filing of the decision or *order.*" (Emphasis added). Hughley cites no authority limiting application of rule 52.02 to cases actually tried as opposed to those involving only a motion. Further, there is a strong policy of allowing parties to present alleged errors to the district court before requiring the party alleging the errors to pursue a remedy on appeal. We conclude that motions for amended findings under rule 52.02 are not improper in post-decree modification proceedings.

■ Here, because the parties' stipulated judgment made Hughley's obligation to pay Hughes's health insurance premiums part of his maintenance obligation, the December 5, 1996 order terminating that obligation was a modification of the maintenance award. Therefore, the order was appealable. *See* *Angelos v. Angelos,* 367 N.W.2d 518, 520 (Minn.1985) (orders modifying maintenance are appealable). Hughes's subsequent motion for amended findings, however, suspended the appeal period. Because Hughes's motion for amended findings was denied on February 5, 1997, and she appealed on February 26, 1997, her appeal was timely.[1]

2. Hughes argues the district court erred in terminating Hughley's obligation to pay her health insurance premiums.

A spouse may be ordered to pay the other spouse's health insurance premiums as part of a maintenance award. *See* Minn.Stat. § 62A.21, subd. 2a (1996) (allowing court to order one spouse to provide continued health insurance for the other spouse as part of maintenance award); *Bone v. Bone,* 438 N.W.2d 448, 451 (Minn.App.1989) (interpreting stipulation to require husband to pay insurance premiums until wife no longer eligible for continuation coverage under either state or federal law) (citing Minn.Stat. § 62A.21). Here, Hughley was ordered to pay Hughes's health insurance premiums as part of his maintenance obligation, and a motion to terminate is, therefore, a motion to modify that part of the maintenance award.

Generally, maintenance may be modified upon a showing of one or more of the following:

(1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party * * *; (3) receipt of assistance * * *; (4) a change in the cost of living for either party * * *, any of which makes the terms unreasonable and unfair * * *.

Minn.Stat. § 518.64, subd. 2(a) (1996).

A movant for maintenance modification must not only demonstrate the existence of a substantial change of circumstances, but is also required to show that the change has the effect of rendering the original maintenance award both unreasonable and unfair.

*Beck v. Kaplan,* 566 N.W.2d 723, 726 (Minn. 1997) (citing *Nardini v. Nardini,* 414 N.W.2d 184, 198 (Minn.1987)). In modifying mainte-

---

1. Because we conclude Hughes's motion for amended findings suspended the time for appeal, we do not address whether her motion for a "new trial" suspended the appeal period.

nance, the district court shall apply the factors contained in Minn.Stat. §§ 518.552 and .64. Minn.Stat. § 518.64, subd. 2(b).

Here, the district court terminated the health insurance portion of Hughley's maintenance obligation, but because the order lacks the statutory findings, the rationale for the district court's ruling is unclear. We remand this issue. *See Stich v. Stich,* 435 N.W.2d 52, 53 (Minn.1989) (remanding maintenance issue because findings were inadequate). On remand, the district court should evaluate the propriety of terminating Hughley's obligation and address the relevant considerations, including but not limited to, the interaction of (a) the decree's requirement that Hughley maintain continuation or conversion coverage for Hughes consistent with Minn.Stat. § 62A.21; and (b) the federal Consolidated Omnibus Reconciliation Act of 1986 (COBRA), 26 U.S.C. § 162(k) (1988). The record shows that under the union plan it was decided that Hughes did not qualify for continuation coverage because of her Medicare entitlement. The district court should also address whether the decree provided a broader right to continuation coverage than that under either state or federal law.

3. Hughes argues the district court erred in ordering her to reimburse Hughley for premiums he allegedly overpaid from June 1995 to June 1996. Because the propriety of terminating Hughley's obligation has been remanded, we do not address the reimbursement issue. On remand, however, the district court may adjust its ruling on the reimbursement issue if, and to the extent, any adjustment is necessitated by its handling of the termination issue.

## DECISION

Hughes's appeal is timely because her motion for amended findings suspended the time to file an appeal from the underlying appealable order modifying the maintenance award in the judgment and decree. We remand for the district court to make the statutory findings on whether Hughley's maintenance obligation for Hughes's health insurance should be terminated and whether Hughley is properly entitled to reimbursement for premiums paid to Hughes. Whether to reopen the record on remand is discretionary with the district court.

**Reversed and remanded.**