**In re the Marriage of Sandra Diane LEWIS, petitioner, Appellant,**

v.

**Marshall Vernon LEWIS, Respondent.**

**No. C2–97–610.**

Court of Appeals of Minnesota.

Dec. 8, 1997.

Review Denied Feb. 19, 1998.

Martin L. Swaden, Swaden Law Offices, Edina, for appellant.

A. Larry Katz, Robert W. Due, Elizabeth B. Bowling, Katz & Manka, Minneapolis, for respondent.

Considered and decided by PETERSON, P.J., and KLAPHAKE and DAVIES, JJ.

## OPINION

. PETERSON, Judge.

After entry of a stipulated judgment dissolving the marriage of appellant-wife Sandra Diane Lewis and respondent-husband Marshall Vernon Lewis, wife sought to vacate the judgment claiming she was not competent to enter the stipulation. The district court denied wife's motion and wife sought "amended findings." The district court ruled the motion for "amended findings" was really one for "reconsideration" of the motion to vacate and struck and dismissed wife's motion. Wife appealed the order denying her motion to vacate. Husband moved to dismiss the appeal as untimely. Because wife's motion for amended findings was improper, her motion did not extend the appeal period for the order denying her motion to vacate the judgment under Minn. R. Civ.App. P. 104.04, this appeal is untimely, and we dismiss.

## FACTS

In late July 1996, the parties entered a stipulation to dissolve their marriage. On August 1, wife saw a psychologist who gave her various tests and concluded wife was not depressed, but was distraught and under stress due to the dissolution. On August 2, wife saw a second psychologist who interviewed wife but did not test her. The second psychologist concluded wife was suffering major depression, but noted wife was not suffering many of the traditional symptoms of major depression. In early September, wife, citing her visits to the psychologists (among other things), moved to set aside the stipulation based on her physical and psychological condition, fraud on the court, and duress. Before that motion was heard, the district court entered judgment on the stipulation. Wife then filed an amended motion requesting that the district court vacate the dissolution judgment.

In December 1996, after a hearing, the district court denied wife's motion, finding claims that wife's condition rendered her incompetent to enter the stipulation were not credible. Wife later served a motion in which she sought, under Minn. R. Civ. P. 52.02, to amend the findings of the December

order or, alternatively, a "new trial." Wife's motion to amend essentially repeated the grounds for her motion to set aside the stipulation and vacate the judgment. In February 1997, the district court (a) noted wife's motion for amended findings or a new trial was essentially the same as the motion she filed when she sought to vacate the stipulation and judgment; (b) ruled wife's motion was really one for "reconsideration" and not authorized under the rules; and (c) struck and dismissed wife's motion.

In March 1997, wife appealed the December 1996 order denying her motion to vacate. Wife's appeal papers did not include a copy of the February 1997 order but did state that a February 1997 order denied her motion for amended findings or a new trial and asserted that the order extended the time to appeal the December 1996 order pursuant to Minn. R. Civ.App. P. 104.04. Arguing that motions for reconsideration are not appealable and do not extend the time to appeal, husband moved to dismiss the appeal as untimely.

### ISSUE

Did wife file a timely appeal?

### ANALYSIS

■ In dissolution proceedings, the time to appeal an order expires 30 days after service by the adverse party of written notice of filing, but the appeal period is extended if any of several motions, including a motion for amended findings, is pending. Minn. R. Civ. App. P. 104.04. Here, wife appeals the order denying her motion to vacate the judgment. Because husband served written notice of filing of the December 1996 order, the time to appeal expired 30 days thereafter, before the appeal was filed in March 1997 unless the appeal period was extended by wife's motion for "amended findings."[1] Noting that the

district court deemed wife's motion for "amended findings" to be one for "reconsideration," husband claims the motion did not extend the appeal period and that this appeal is untimely. *See Carter v. Anderson,* 554 N.W.2d 110, 113 (Minn.App.1996) ("[t]he rules of civil procedure do not authorize a motion for 'reconsideration,' nor does such a motion extend the time to appeal the underlying order or judgment"), *review denied* (Minn. Dec. 23, 1996).[2]

The district court determined that wife's motion for amended findings did not make new legal or factual arguments, and deemed it to be a motion for "reconsideration" despite wife's characterization of the motion as one for amended findings under rule 52.02.

Case law supports the district court's ruling that a motion for "amended findings" that does no more than reargue a prior motion is really a motion to "reconsider." *See id.* (where party claimed to make motion under rule 60.02, motion was deemed to be motion for reconsideration because "[i]n reality," motion reargued case and "requested the district court to correct judicial error").

■ "The purpose of a motion for amended findings 'is to permit the trial court a review of its own exercise of discretion.'" *Johnson v. Johnson,* 563 N.W.2d 77, 78 (Minn.App.1997) (quoting *Stroh v. Stroh,* 383 N.W.2d 402, 407 (Minn.App.1986)), *review denied* (Minn. June 30, 1997). Thus, it necessarily follows from this purpose that a proper motion for amended findings must both identify the alleged defect in the challenged findings *and* explain *why* the challenged findings are defective. *See, e.g.,* 2 David F. Herr & Roger S. Haydock, *Minnesota Practice* § 60.6 (1995) (motions for amended findings should, among other things, "specify the objections to the findings"). An explanation of

---

**1.** Husband claims a motion for amended findings cannot be made where there was no trial. In a case issued after husband made this argument, this court rejected that position. *Hughes v. Hughley,* 569 N.W.2d 534, 536 (Minn.App.1997).

**2.** Wife's motion sought, in the alternative, a new trial. On appeal, wife claims she "is not bringing a motion for new trial[.]" We note that her motion did not explicitly state a basis for a new trial, and, therefore, would be ineffective to ex-

tend the time for appeal. *See Stockdale Bancorporation v. Kjellberg,* 479 N.W.2d 438, 439 (Minn. App.1992) (new trial motion must include an explicit statement of the basis under rule 59.01 for the new trial); *see also Welch v. Commissioner of Pub. Safety,* 545 N.W.2d 692, 695 (Minn. App.1996) (citing *Kjellberg* and ruling a motion for "reconsideration" could not be deemed a new trial motion because the motion did not state a basis for a new trial under rule 59.01).

why findings are allegedly defective should address the relevant standard for amending findings. *See Chamberlin v. Twin Ports Dev. Co.*, 195 Minn. 58, 60, 261 N.W. 577, 578 (1935) (faced with conflicting evidence, district court did not err in denying motion for amended findings where moving party failed to show court "was compelled to make [the requested findings]"); *see also Nielsen v. City of Saint Paul*, 252 Minn. 12, 29, 88 N.W.2d 853, 864 (1958) ("[t]o justify the reversal of a refusal to make amended findings, it is not enough to show that there was evidence to justify the proposed amended findings had they been made").

 When it is claimed that the record does not support findings, the moving party should address the record evidence, explain why the record does not support the district court's findings, and explain why the proposed findings are appropriate. By analogy, this requirement is similar to the process for challenging findings on appeal, which requires the party challenging a finding to summarize the evidence that supports the challenged finding. *See* Minn. R. Civ.App. P. 128.02, subd. 1(c).

Wife's motion for amended findings essentially did no more than repeat the arguments she had previously made in her motion to vacate the judgment. Her motion did not explain why the district court's findings were not supported by the record. Thus, wife's motion was incomplete, and, therefore, improper. An improper motion, even though captioned as one of those specified in Minn. R. Civ.App. P. 104.04, subd. 2, does not extend the time for appeal. *See Bouton v. Bouton*, 541 N.W.2d 22, 23 (Minn.App.1995) (absent timely motion of type specified in Minn. R. Civ.App. P. 104.04, subd. 2, time to appeal is not suspended). For this reason, the time to appeal was not suspended, wife's appeal was not timely, and we must dismiss the appeal. *See Bongard v. Bongard*, 342 N.W.2d 156, 158 (Minn.App.1983) ("[t]ime limits on appeals are jurisdictional").

Because we lack jurisdiction over the appeal due to its untimeliness and must dismiss it, we do not address any other issue.

## DECISION

Because wife's motion for "amended findings" did not identify the alleged defects in the challenged findings or explain why the challenged findings are defective, it was not a proper motion for amended findings and it did not extend the time to appeal an order in a family court proceeding under Minn. R. Civ.App. P. 104.04. This appeal was filed more than 30 days after husband served notice of filing, and it is untimely.

**Dismissed.**