*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1413**

In re the Marriage of:
Jennifer Dawn Nyakundi, petitioner,
Respondent,

vs.

Gilbert Ogamba Nyakundi,
Appellant.

**Filed August 29, 2016
Affirmed; motion denied
Bjorkman, Judge**

St. Louis County District Court
File No. 69DU-FA-14-256

Erik Honkanen, Honkanen Richards, S.C., Virginia, Minnesota (for respondent Jennifer Nyakundi)

Gilbert Nyakundi, Duluth, Minnesota (appellant pro se)

Considered and decided by Bjorkman, Presiding Judge; Kirk, Judge; and Kalitowski, Judge.[*]

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN** , Judge

Appellant-father Gilbert Nyakundi challenges the judgment dissolving his marriage to respondent-mother Jennifer Nyakundi, and the denial of his motion to reopen

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

the judgment. Because the record supports the district court's findings of fact, those findings support the court's legal rulings, and father has not shown that the district court otherwise abused its discretion, we affirm. We also deny father's motion to strike portions of mother's brief.

## FACTS

Mother petitioned to dissolve the parties' 12-year marriage in March 2014. During a social early neutral evaluation (SENE), the parties reached an agreement on custody and parenting time regarding their three minor children. A financial early neutral evaluation (FENE) was cancelled after father failed to respond to mother's requests for documents. In July 2014, father missed two telephone status conferences with the district court; the following month, mother moved to compel discovery. Father advised the court in writing that his former attorney had provided the requested financial documents, that he was going to Africa to care for his ill mother and wanted a continuance, and that he would provide his contact information when he got to Africa. Father did not say how long he would be gone or suggest a date when proceedings could resume.

At an October 2 hearing on the discovery motion, mother's attorney learned that father was in Africa. The district court reset the hearing for November 5 because it was not clear that father received notice. On October 17, a friend of father gave the district court administrator father's mailing address in Kenya, and the district court re-sent the hearing notice. Father did not appear at the November 5 hearing. Because the district court was unable to verify that father had, in fact, received notice, the matter was

rescheduled for a pretrial hearing on December 8. The notice expressly provided that the "Parties may request a hearing by telephone."

After the close of business on Thursday, December 4, father left a voicemail message with the district court administrator's office stating that he was ill and requesting a continuance. The message did not provide father's contact information or a proposed new hearing date. The next day, father's friend again contacted the district court administrator, who told the friend that there would be no continuance and that father could participate in the hearing by phone if he asked to do so by the end of the business day. Father did not contact the court.

At the December 8 hearing, mother's attorney advised that mother had spoken with father's brother who reported that father (in counsel's words) would "not be returning from Africa anytime soon." Mother's attorney then asked to proceed by default, and the district court granted the request. After the hearing, father called the court administrator to participate in the hearing, but was told it had ended. Mother's attorney filed proposed findings and a dissolution judgment, and sent a copy to father's Duluth address. Father did not respond. On January 20, 2015, the district court ordered entry of a judgment that incorporates the parties' custody and parenting-time agreements, awards father certain land in Kenya and father's "business" selling used American farm equipment in Africa, awards mother Pioneer Recovery Center (PRC) (a business focused on rehabilitation of persons suffering from chemical abuse), and orders father to pay child support.

While the order directed immediate entry of judgment, judgment was not entered until March 5, when it was entered nunc pro tunc to January 20. On March 2, father moved to reopen the judgment and filed two appeals, which this court dismissed as premature. On March 17, father moved to reopen the (actual) judgment and to remove mother's attorney from the case because counsel had previously represented PRC. Both parties appeared with counsel at the hearing, and the district court gave father an opportunity to supplement the record. The district court denied father's motions. Father appeals and moves to strike parts of mother's brief.

## D E C I S I O N

### I.     The district court did not abuse its discretion by entering a default judgment.

In marriage dissolution cases, "[i]f the respondent does not appear after service duly made and proved, the court may hear and determine the proceeding as a default matter." Minn. Stat. § 518.13, subd. 1 (2014). Whether to grant a default judgment is within the district court's discretion. *See Black v. Rimmer*, 700 N.W.2d 521, 525 (Minn. App. 2005) (stating this principle in a non-family context), *review dismissed* (Minn. Sept. 28, 2005).

Parties are required to provide their current address to other parties and to the court administrator, and "[f]ailure to provide this notice constitutes waiver of the right to notice until a current address is provided." Minn. R. Gen. Pract. 13.01; *see also* Minn. R. Civ. P. 77.04 2012 advisory comm. cmt. (stating that "[t]he burden is squarely on the party or attorney to advise the court of any change in address"). "Although some accommodations may be made for pro se litigants, this court has repeatedly emphasized

4

that pro se litigants are generally held to the same standards as attorneys and must comply with court rules." *Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001).

Father argues that the default proceeding was legally defective and that the district court abused its discretion by denying his request to continue the December 8 pretrial hearing. We disagree.

First, it is undisputed that father had notice of the date and purpose of the hearing. The district court declined to consider mother's discovery motion during two prior hearings because of concerns regarding the adequacy of notice. After father finally provided an address in Kenya, the court re-sent notice of the December 8 hearing. The notice specifically stated that this would be a "Pre-trial" hearing.

Second, our careful review of the record assures us that the district court did not abuse its discretion by denying father's informal continuance request.[1] Whether to continue a hearing "is discretionary with the district court." *Szarzynski v. Szarzynski*, 732 N.W.2d 285, 296-97 (Minn. App. 2007). As noted above, the record is replete with evidence of father's efforts to delay the proceedings and thwart mother's discovery requests. Father did not participate in any proceedings after the SENE. He did not appear for two status conferences before he left the country and did not timely provide

---

[1] Father argues that the district court should have continued several hearings. The December 8, 2014 hearing produced the judgment, and it is undisputed that father had notice of that hearing. Thus, any notice problem occurring before December 8, 2014 is unrelated to the judgment, and we ignore as harmless any alleged errors. *See* Minn. R. Civ. P. 61 (requiring harmless error to be ignored); *Thompson v. Thompson*, 739 N.W.2d 424, 431 (Minn. App. 2007) (applying rule 61).

5

new contact information to the court and counsel. Father provided no verification that illness prevented him from participating in the December 8 pretrial hearing. And the court implicitly found father's assertion that court staff told him that the district court would initiate his phone participation was not credible. Instead, the district court found that father was told on December 5 that he had until the end of that day to ask to participate in the hearing by phone and that father never made that request. We defer to a district court's credibility determinations. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988); *Auer v. Scott*, 494 N.W.2d 54, 58 (Minn. App. 1992) (deferring to what was "functionally" a district court's credibility determination). In sum, father has not persuaded us that the district court abused its discretion by denying his request to continue the pretrial hearing.

Finally, father's failure to appear at the December 8 pretrial hearing provides an appropriate basis for proceeding by default. Father contends that mother's failure to file a default-scheduling-request form deprived him of his right to notice under Minn. R. Gen. Pract. 306.01(b). Because the district court did not address rule 306, any alleged violation of that rule is not properly before this court.[2] *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that appellate courts address only those questions presented to and considered by the district court, and that a party cannot "obtain review by raising the same general issue litigated below but under a different theory"). More

---

[2] Even if we did address the matter, it is not clear that father would be entitled to relief. The 1992 comment to rule 306.01 states that "[t]he default scheduling request required by Rule 306.01 . . . serves the purpose of permitting the court administrator's office to schedule the case for the right type of hearing. *It is not otherwise involved in the merits.*" (Emphasis added.)

6

importantly, rule 305.02(b) provides that if, as here, a party fails to appear at a pretrial conference, "the court may dispose of the proceedings without further notice to that party." Minn. R. Gen. Pract. 305.02(b).

Contrary to father's suggestion, there is "no statutory or constitutional right to counsel in dissolution proceedings." *State ex rel. Ondracek v. Blohm*, 363 N.W.2d 113, 115 (Minn. App. 1985). Accordingly, we reject father's assertion that the district court erred by proceeding in default because he "was not offered any legal counsel/representation." Father also asserts that the default proceedings violated "Minn. R. Civ. P. 55.01, subd. 2" and "Minn. Rule 55[.]" Rule 55.01 does not have subdivisions. And because father otherwise failed to develop these assertions in his brief, we decline to address them. *See Dep't of Labor & Indus. v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997) (declining to address an inadequately briefed issue); *Brodsky v. Brodsky*, 733 N.W.2d 471, 479 (Minn. App. 2007) (applying *Wintz*).[3]

## II. The district court did not abuse its discretion in dividing the marital property and setting child support.

A district court "has broad discretion in dividing marital property upon dissolution of a marriage[,]" its division of that property "will be overturned only for a clear abuse of discretion[,]" and an appellate court "must affirm the trial court's division of property if it had an acceptable basis in fact and principle even though [the appellate court] may have taken a different approach." *Servin v. Servin*, 345 N.W.2d 754, 758 (Minn. 1984).

---

[3] Father's argument also cites Fed. R. Civ. P. 55. That rule, however, governs proceedings in *federal* district court, not state district court. *See* Fed. R. Civ. P. 1 (stating that the federal rules of civil procedure "govern the procedure in the United States district courts in all suits of a civil nature"). Therefore, that rule is inapplicable here.

7

## A. Property division

Father asserts that mother undervalued PRC and that, because he was not given access to PRC's bank statements, he lacked information necessary to dispute the company's value. We disagree. In its order denying father's motion to reopen the judgment, the district court found that "[mother] previously provided [father] with a copy of the financial documents from [PRC.]" This finding is supported by an affidavit of mother's attorney stating that the relevant information was provided to father's attorney "early in the case[,]" and by counsel's oral representation to the district court at the hearing on father's motion to reopen the default judgment. Accordingly, the court's finding that father had PRC's financial information is not clearly erroneous. *See* Minn. R. Civ. P. 52.01 (stating findings of fact are not set aside unless clearly erroneous). And because father had PRC's financial information, he could have contested any error or omission in the information mother submitted to the district court.[4]

With respect to PRC's value, father argues that it is a multi-million-dollar business, with net income in one month that exceeded $100,000. But the record shows

---

[4] Father also argues that the district court erred by failing to determine PRC's value. "[W]here the record is reasonably clear and the facts not seriously disputed, the judgment of the trial court can be upheld in the absence of trial court findings made pursuant to Rule 52.01, Rules of Civil Procedure." *Roberson v. Roberson*, 296 Minn. 476, 478, 206 N.W.2d 347, 348 (1973); *see Hemingway v. Hemingway*, 383 N.W.2d 697, 701 (Minn. App. 1986) (citing *Roberson*); *cf. Johnson v. Johnson*, 277 N.W.2d 208, 211 (Minn. 1979) (stating that "[e]xactitude is not required of the trial court in the valuation of assets in a dissolution proceeding; it is only necessary that the value arrived at lies within a reasonable range of figures"). Father did not participate in any aspect of the case after the SENE, and the only evidence the district court had regarding PRC was that submitted by mother. Thus, the facts were not seriously disputed, and this case fits the *Roberson* profile of one for which the lack of a valuation is not fatal to the judgment.

8

that PRC's net income varied dramatically during the three-year period for which documentation was provided. In the month following the month in which PRC's net income exceeded $100,000, PRC's net income was *negative* $23,981.05. The district court had all of this information, and was entitled to assess its weight and credibility. *See Sigurdson v. Isanti County*, 386 N.W.2d 715, 721 (Minn. 1986).

Father further asserts that he owns "shares" in PRC and should have been awarded an interest in the company. The basis for father's asserted ownership of "shares" in PRC is unclear; he seems to confuse ownership of "shares" in a business with the interest in marital property conferred by statute. *See* Minn. Stat. § 518.003, subd. 3b (2014) (stating that "[e]ach spouse shall be deemed to have a common ownership in marital property that vests not later than the time of the entry of the decree in a proceeding for dissolution or annulment"). Without legal support, this argument is unpersuasive.

After assigning PRC to mother, the district court awarded father land in Kenya, the farm equipment "business[,]" and his entire retirement account. Father asserts that, together, these assets are worth much less than PRC, and that there is, in fact, no farm equipment "business." While the district court acknowledged the incompleteness of the record before it at the time of dissolution, the court attributed any potential imbalance in the property division to father's failure to participate in the case after the SENE. This approach is consistent with caselaw: "[A] party cannot complain about a district court's failure to rule in [that party's] favor when one of the reasons it did not do so is because that party failed to provide the district court with the evidence that would allow the district court to fully address the question." *Eisenschenk v. Eisenschenk*, 668 N.W.2d

9

235, 243 (Minn. App. 2003), *review denied* (Minn. Nov. 25, 2003). On this limited record, we discern no abuse of discretion in the property division.

### B. Child support

Father argues that the district court overstated his income by including overtime pay and understated mother's income by failing to attribute income beyond the amount PRC pays her in salary. We disagree. A district court's determinations of parents' incomes for child-support purposes are findings of fact that will not be set aside unless they are clearly erroneous. *Schisel v. Schisel*, 762 N.W.2d 265, 272 (Minn. App. 2009). Father does not identify the amount of overtime pay allegedly improperly included in his income or the additional income he thinks should have been attributed to mother. Thus, whether and to what extent the district court misstated either party's income is unclear. In the absence of record citation and legal argument, we decline to address father's challenges to the district court's findings of the parties' incomes. *See Wintz*, 558 N.W.2d at 480 (declining to reach an issue in the absence of adequate briefing); *Brodsky*, 733 N.W.2d at 479 (applying *Wintz*).

Father also contends that the parenting schedule is contrary to the children's best interests. But this aspect of the judgment incorporates the agreement the parties reached during the SENE. Generally, a party cannot appeal something to which he stipulated. *See Dairyland Ins. Co. v. Clementson*, 431 N.W.2d 895, 898 (Minn. App. 1988) (stating that "[a] party on appeal is still bound by a stipulation which it entered at trial"); *see also Shirk v. Shirk*, 561 N.W.2d 519, 521-22 (Minn. 1997) (stating that once judgment is entered on a stipulation the "sole relief" from the stipulated dissolution judgment "lies in meeting the

10

requirements of Minn. Stat. § 518.145, subd. 2"). And we have already rejected father's challenge to the district court's denial of his motion to reopen the judgment.

## III. The dissolution judgment is not invalid because of improper conduct.

Father broadly asserts that he is entitled to relief based on errors and improper conduct by district court staff, mother's attorney, and the district court judge. We address each argument in turn.

First, father alleges that material he submitted to the district court on March 17, 2015 to support his motion to reopen the judgment was not placed in the court file. Court records from that date show father filed 73 pages of documents, including a 68-page motion to vacate and supporting documents. Exactly what may have been omitted from the record is not clear from father's argument. Therefore it is impossible to address whether anything is, in fact, missing, and whether any omission prejudiced father. Moreover, as we stated in our May 27, 2016 order, father must move the *district court* to correct the record. *See* Minn. R. Civ. App. P. 110.05 (stating that disputes about the accuracy and composition of the record "shall be submitted to and determined by the trial court"); *Doty v. Doty*, 533 N.W.2d 72, 75 (Minn. App. 1995) (applying rule 110.05). Father did not do so. And, contrary to father's contention, the fact that he had an appeal pending when the March 5 judgment was entered did not divest the district court of jurisdiction. A premature appeal is "in effect a nullity." *Hampshire Arms Hotel Co. v. St. Paul Mercury & Indem. Co.*, 215 Minn. 60, 62, 9 N.W.2d 413, 414 (1943). Father's premature appeal did not preclude the district court from entering judgment. *See* Minn. R. Civ. App. P. 104.01, subd. 3 (stating that an appeal filed before certain motions are

11

decided "is premature and of no effect, and does not divest the district court of jurisdiction to decide [a motion pending in that court]").

Second, citing Minn. R. Prof. Conduct 8.4, father asserts that mother's attorney committed misconduct by misrepresenting to the district court that father had been given notice of hearing dates. But, as noted above, under Minn. R. Gen. Pract. 13.01, a party's failure to keep the court and counsel apprised of a change in address waives the right to notice; because the challenged judgment followed the December 8 pretrial hearing, it is not clear how any error regarding notice of a hearing occurring before that date prejudiced father. And it is undisputed that father had notice of the December 8 hearing.

Third, father argues that Minn. R. Prof. Conduct 1.9 precluded mother's attorney from representing mother because he previously represented PRC in a matter involving the parties and father did not waive any potential conflict of interest. The district court rejected this argument, finding that the affidavit of mother's attorney was credible and demonstrated the limited scope of counsel's prior representation. The district court further found that "[father] failed to provide verification of any involvement by [mother's attorney] with [father] other than meeting with him for a few minutes to sign a quit claim deed." We defer to a district court's credibility determinations, even when they are based on affidavits. *See Straus v. Straus*, 254 Minn. 234, 235, 94 N.W.2d 679, 680 (1959) (stating "[c]onflicts in the evidence, even though the presentation is upon affidavits, are to be resolved by the trial court"); *see also DeRosier v. Util. Sys. of Am., Inc.*, 780 N.W.2d 1, 5 (Minn. App. 2010) (invoking this aspect of *Straus*).

12

Finally, father argues that the district court judge was biased against him, and in favor of mother, and should have recused from the case. Because father did not present this argument to the district court, it is not properly before us. *Thiele*, 425 N.W.2d at 582; *see also Braith v. Fischer*, 632 N.W.2d 716, 725 (Minn. App. 2001) (refusing, under *Thiele*, to address a claim of district court bias), *review denied* (Minn. Oct. 24, 2001).

**IV.    The district court did not abuse its discretion by declining to reopen the judgment.**

A district court may reopen a dissolution judgment based on, among other things, excusable neglect, newly discovered evidence, and fraud. Minn. Stat. § 518.145, subd. 2(1)-(3) (2014). Because the statute is similar to Minn. R. Civ. P. 60.02, we apply the analysis articulated in *Finden v. Klaas*, 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964). *Peterson v. Eishen*, 512 N.W.2d 338, 341 (Minn. 1994), *superseded by rule on other grounds*, *as recognized in Fed. Hoffman, Inc. v. Fackler*, 549 N.W.2d 93, 95 (Minn. App. 1996), *review denied* (Minn. Aug. 20, 1996).

"A party seeking relief under Minn. R. Civ. P. 60.02 must establish (1) a reasonable case on the merits; (2) a reasonable excuse for the failure to act; (3) action with due diligence after entry of judgment; and (4) lack of prejudice to the opposing party." *Reid v. Strodtman*, 631 N.W.2d 414, 419 (Minn. App. 2001) (applying *Finden* in a family case). "All four elements must be proven, but a weak showing on one factor may be offset by a strong showing on the others." *Id.* Whether to grant relief under

Minn. Stat. § 518.145, subd. 2(1), is discretionary with the district court. *Clark v. Clark*, 642 N.W.2d 459, 465 (Minn. App. 2002).[5]

Father first challenges the district court's determination that father did not establish a reasonable excuse for his failure to act.[6] He points out that the district court did not call him on December 8, 2014 as he asserts court administrative staff told him the court would do to initiate the pretrial hearing. We are not persuaded. The district court rejected father's assertion as incredible. We defer to the district court's finding, and conclude that father's failure to participate in any aspect of this case after the SENE, despite the fact that the dissolution proceeding involves three minor children, further supports the district court's determination.

We also reject father's argument that the district court should have reopened the judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Minn. R. Civ. P. 59.03.]" Minn. Stat. § 518.145, subd. 2(2). Under rule 59.03, "[a] notice of motion for a new trial shall be served within 30 days after . . . service of notice by a party of the filing of the decision or order[.]" Because father moved to reopen the judgment 12 days after it was entered

---

[5] Father argues that the district court should have awarded him spousal maintenance. But father's failure to participate in the proceedings beyond the SENE deprived the district court of information necessary to consider a maintenance award. And because we are affirming the district court's refusal to reopen the judgment, we need not further address the issue of maintenance.

[6] Father does not contest the district court's conclusion that he did not meet his burden to show he has a reasonable case on the merits.

(within the time to move for a new trial), the provision addressing evidence which could *not* have been discovered in time to move for a new trial does not apply.[7]

Father asserts the existence of fraud, citing the documents mother submitted, which, he asserts, misrepresent PRC's value and assets. For the reasons cited above regarding father's access to these documents, we reject this argument. Father also seeks a new trial. Because the issue whether to grant a new trial was neither presented to, nor considered by, the district court, it is not properly before us. *Thiele*, 425 N.W.2d at 582. Moreover, we have already resolved the arguments upon which father seeks a new trial against him.

Finally, father moves to strike portions of mother's brief. To the extent the motion restates father's arguments that certain documents were omitted from the record and that mother's attorney, the court, or court staff engaged in improper conduct, we reject them for the reasons already stated. *See* Minn. R. Civ. App. P. 110.05 (addressing the accuracy and composition of the record on appeal); *Doty*, 533 N.W.2d at 75 (applying rule 110.05).[8] And to the extent father's motion challenges the district court's property

---

[7] To the extent father's argument is based on documents he alleges were omitted from the record, we, above, rejected the idea that father is entitled to relief from this court because documents were allegedly omitted from the record. And to the extent father's argument is based on an assertion that property was purchased with marital assets, father failed to specify what was purchased, when, and what evidence he has to support the assertion. Thus, father's argument is not properly before this court, and we decline to address it. *See Wintz*, 558 N.W.2d at 480 (declining to reach an issue in the absence of adequate briefing); *Brodsky*, 733 N.W.2d at 479 (applying *Wintz*).

[8] To the extent father's motion is based on alleged omissions from "the April 30, 2015 court transcript," the register of actions shows no hearing on that date. And to the extent

15

division or seeks relief from the judgment under Minn. Stat. § 548.14 (2014), it is not a motion to strike, but rather is based on a series of arguments that we have already rejected.

**Affirmed; motion denied.**

---

father is referring to an omission from the transcript of the hearing occurring on March 30, 2015, the analysis above applies.

16